CROIZET *vs.* THE POLICE JURY OF POINT COUPEE.

Louisiana
1      103
122    330

WHEN the police jury adjudicate the work to be done on levees, and undertake to pay therefor, payment cannot be withheld on the ground that the owner of the land must first be resorted to.

The owner may be bound in justice and equity, to refund to the parish, but he cannot be made a party to the action where the police jury is sued for the price, by the party to whom the contract was adjudicated.

APPEAL from the court of the fourth district, the judge of the second presiding.

Eastern District.
*March,* 1830.

COIZET
*vs.*
THE POLICE JU-
RY OF POINT
COUPEE.

The defendants, acting under the police regulations of the parish, contracted with the plaintiff to make a certain portion of new levee on the lands of one Delamere, for which work, as stipulated in the contract, he was to receive the sum of five hundred dollars.

The work was completed in the manner, and within the period fixed by the contract, and to the satisfaction of the inspector of the district.

Payment being demanded, and refused, the plaintiff brought suit to recover the amount.

The defendants in their answer, excepted to the plaintiff's right of action on the ground, that the police jury could not be held liable for the price of the work done on the lands of Delamere, until the owner had been pursued, and the land seized and sold. The answer contained a denial that the defendants had entered into such a contract as that declared on by the plaintiff, and concluded with a prayer, that Delamere be cited, and that judgment be rendered against him in favor of the police jury, for such sum as might be decreed against them. The court overruled the exception and refused to make Delamere a party. There was judgment for the plaintiff, and the defendants appealed.

*Watts,* for appellee.

The defendants are bound, as a corporation, by the contract of adjudication, and the judgment should be affirmed with costs and damages for a frivilous appeal.

*Moreau* and *Soule,* contra.

Eastern District.
*March,* 1830.

CROIZET
*vs.*
THE POLICE JU-
RY OF POINT
COUPEE.

The only point contended for, by the appellants, is a point of fact, which rests entirely on the provisions contained in the police regulations of the parish of Point Coupee, and in our opinion, they clearly show, that the undertakers of the public works to be made for the repairs of the roads and levees of the planters, who failed to do the same, and which are adjudged to them by the judge of said parish, have their remedy for payment only against the said planters, by causing their plantations to be seized and sold, and not against the police jury, except, perhaps, if the proceeds of the said sale, should prove insufficient to satisfy the said claim.

And indeed, the only law of the legislature, exclusive of the police regulations of the parish of Point Coupee, which was in force at the time of the adjudication made to the plaintiff, that is, on the 27th of February, 1829, was an act approved on the 6th of April, 1807, entitled "An act relative to roads, levees, and the police of

Eastern District.
*March*, 1830·

CROIZET
*vs.*
THE POLICE JU-
RY OF POINT
COUPEE.

cattle." Moreau's Digest, English part, vol. 1. p. 650.

Now it is obvious, by the provisions of said act (sec. 4) that the parish judge, was thereby authorized to cause the repairs, which a planter failed to make on his roads and levees, when lawfully required to do so, to be made at his expense, and not at the expense of the parish, either by the job, or by the inhabitants of the said parish, and the proof that the said expenses were not to be supported or advanced out of the funds of the parish, pursuant to the said law, is, that by the same section of that act, it is made the duty of the judge to compel the inhabitants refusing to pay all the expenses, even by a seizure and sale of his property, if the case require it.

It is true, that by the police regulations of several parishes, among which is the parish of Orleans, it has been ordained that the price of such undertakings, shall be advanced and paid to the undertaker out of the funds of the parish, saving its action against the planter, who has failed to repair his roads and levees, as in the case of the Police Jury of New Orleans *vs.* McDonough—Martin's Reports, vol. 7,

p.

Eastern District.
*March*, 1830.

CROIZET
*vs.*
THE POLICE JU-
RY OF POINT
COUPEE.

But there are also, several other parishes, who have not made such a provision by their police regulations, and in which they grant to the undertaker of said repairs, his remedy only against the planter who has failed to repair his roads and levees, agreeably to the power which is given to them by the 5th section of an act, approved March 25th, 1813, where the police juries of the several parishes of this state, are empowered to make all such regulations as they may deem expedient, as relates to the proportion and direction, and the making and repairing of the roads, bridges, causeways, dikes, levees and other highways.

And it cannot be said that an act which was passed by the legislature on the 7th February, 1829, entitled "An act relative to roads and levees," and which may contain provisions different from those of the act of the 6th April, 1807, with respect to the payment of the works made, for the repairs of roads and levees, may be applied in any manner to the decision of this cause, since that act could not have been deemed promulgated but thirty days after the date of its approbation, which took place only several days after the date of the contract entered into between the parties. Moreau's Digest, vol. 2, p. 282.

CROIZET
*vs.*
THE POLICE JU-
RY OF POINTE
COUPEE.

We must therefore, only resort to the police regulations of the parish of Point Coupee, which were in force at the time of the adjudication to the plaintiff, in order to determine whether or not, he had any action against the parish, to be paid for his works out of the funds thereof. Now, by the 10th section of the police regulations of the said parish, we say such right of action is refused ¸to the undertaker, and that he is only entitled to require from the parish judge an immediate order of seizure and sale of the plantation, the levee of which he has made, or repaired, by using the name of the police jury to bring such action.

In effect, it is ordained by the 10th section of the said police regulations, that "after the expiration of a certain delay therein fixed, to be granted to the land holders, to make and repair their roads and levees, if they fail to do it, the parish judge shall adjudge the undertaking of said works to the lowest bidder, after having previously given the necessary advertisements during ten days, and said adjudication *at the expense of the landholder*—and that therefore, the said landholder shall be immediately sued in behalf of the police jury of said parish, for the payment of the expenses which said

landholders shall have thus occasioned, and pursuant to the laws of this state."

Eastern District.
*March*, 1830.

CROIZET
*sv.*
THE POLICE JU-
RY OF POINT
COUPEEE.

MATHEWS J. delivered the opinion of the court. This suit was brought to recover fiom the defendants five hundred dollars, which the plaintiff alleges they owe to him, under a contract by which he undertook to make a certain portion of levee on the land of Gustave Delamere, situated in the parish of Point Coupee, the work being adjudicated to him, as the lowest bidder, under the police regulations of the parish. He avers performance on his part agreeably to all the requisitions of the adjudication.

The answer contains an exception to the plaintiff's right of action against the police jury, until he shall have first pursued the owner of the land, and caused it to be sold, in satisfaction of the price of labor in constructing the levee. Also, a denial that defendants ever entered into any contract, as alleged by the plaintiff; and that he has never required payment in a proper manner, &c.

The district court overruled the exception to the action, and gave judgment for

Eastern District. *March*, 1830.

CROIZET
*vs.*
THE POLICE JU-
RY OF POINT
COUPEE.

Where the po-
lice jury adjudi-
cate the work to
be done on levees
and undertake to
pay therefor,
payment cannot
be withheld on
the ground that
the owner of the
land must first be
resorted .

The owner
may be bound in
justice and equity
to refund to the
parish, but he
cannot be mad a
party to the ac-
tion when the po-
lice jury is sued
for the price by
the party to
whom the con-
tract was adjudi-
cated.

the plaintiff, for the amount of his claim, from which the defendant appealed.

The evidence of the case appearing on the record, shows clearly, that the making of the levee in question, was adjudicated by the parish judge, acting under police regulations, and in behalf of the parish, to the plaintiff, as an undertaker at the lowest price. Under this contract he certainly had a right to look to the funds of the parish directly for payment, after the completion of his work, and was not under any obligation to resort to the owner of the land, as there is no privity of contract between those individuals.

The owner may in justice and equity be bound to refund to the parish; but that is a matter which does not concern, or in any manner affect the claim of the plaintiff, under his direct and express agreement with the defendants. They, however, prayed in their answer that the owner might be made a party to this suit, and cited in due form, and that judgment should be rendered against him in favor of the police jury, for any sums which might be decreed against them. This part of the answer was object-

Eastern District.
*March*, 1830.

CROIZET
*vs.*
THE POLICE JU-
RY OF POINT
COUPEE.

ed to by the counsel for the plaintiff, and was set aside by the court below. And we think very properly.

The plaintiff, in the present suit, ought not to have been subjected to the delay and confusion which might have resulted from this mixture of actions required by the defendants. He has nothing in common with them in relation to their claims against the proprietor of the land, whose levee they caused to be made. The performance of the work by the undertaker is not denied.

It is therefore ordered, &c. that the judgment of the district court be affirmed with costs.