FRANCIS D. NEWCOMB *v.* THE POLICE JURY OF EAST BATON ROUGE.

Where the inspector of roads and levees has failed to give to the absent proprietor the notice required by law of the work to be done on his levees, &c., without which the contractor to whom it has been adjudicated cannot proceed summarily to seize and sell the land, the latter may recover the amount at once of the Police Jury. Though the proprietor might be responsible in an ordinary action on a *quantum meruit,* the contractor is not bound to sue him.

APPEAL from the District Court of East Baton Rouge, *Johnson,* J.

*Avery,* for the plaintiff.

*Elam,* for the appellants.

BULLARD, J.  This is an action against the Parish of East Baton Rouge, to recover the sum for which the plaintiff had constructed a certain levee over land of non-residents, under a contract with the Inspector of Roads and Levees.  He alleges that he became the lowest bidder at a public adjudication of the job ; that the contract had been duly recorded, but that the Inspector having failed to give proper and legal notices to the absent proprietor, he had been debarred from exercising his summary recourse against the land in the manner pointed out by law ; and that, by reason of the premises the Parish became liable to pay him the stipulated price.  The Police Jury are appellants from a judgment sustaining his pretensions.

It is shown, that the inspector failed to give the notices to the absent proprietors, required by law.  Without such notice, and a strict compliance with all the legal requisites, it is clear the undertaker is not entitled to have the land, improved by his labor, seized and sold to pay him the price of adjudication.  See Bullard & Curry's Digest, page 753.  1 La. 103.

It is true the plaintiff has made no attempt to have the land seized summarily, and that the proprietor is liable in an ordinary action upon a *quantum meruit,* to pay such an amount as he has been benefitted by the work done.  We are, however, of opinion that the plaintiff was not bound to do so vain a thing, as to apply for

an order of seizure which the judge could not legally grant. It is clearly not the fault of the undertaker that the Inspector did not give the notices required by law, and he was not bound to institute an ordinary action against the proprietor, the Police Jury having engaged that he should be paid the price at which the work was adjudicated to him. 12 La. 24.

*Judgment affirmed.*