## BROWN *v.* THE POLICE JURY OF MADISON.

No action will lie against a police jury representing a parish, for the amount of an adjudication, under the stat. of 7 February, 1829, for the construction of a levée in front of land belonging to an absentee, until the plaintiff has exhausted his remedy against the land.
Where in an action against a police jury the tax payers of the parties to be affected, they will not be held to allegations in pleading made in error by their agents.

APPEAL from the District Court of Madison, *Selby*, J. *Thomas* and *Snyder*, for the plaintiff. *Hynes*, *Stacy* and *Sparrow*, for the appellants. The judgment of the court was pronounced by

ROST, J. The plaintiff has instituted this action to recover from the defendants the amount of an adjudication made to him, under the act of 1829, for the construction of a levée in front of a tract of land belonging to non-residents. The adjudication, the construction of the levée, and its acceptance by the inspector, are admitted, as alleged; but the defendants contend that the action is premature. There was judgment against them, and they appealed.

The only question of law which the case presents is, whether the plaintiff was bound to discuss the land upon which the levée was made before he could proceed against the parish.

The appellee maintains that the privilege granted by the act of 1829, to parties who have undertaken the making of a levée is but an accessory to the principal obligation, and that the party in whose favor this stipulation is made may, or may not, avail himself of it.

It has never been considered by our predecessors or ourselves, that adjudications under the act of 1829, created a direct obligation against the parish. The decisions heretofore made seem to consider the police jury in the light of a surety, not of a principal debtor. The act of 1829, under which the plaintiff claims, makes the land directly liable to him, and in our opinion establishes his first remedy under the adjudication. Had this remedy been resorted to, it is in evidence that, under an ordinance of the defendants, the land would have been purchased by

them for a sum sufficient to pay the plaintiff, and the privilege which he has, would thus have inured to their benefit. We think they cannot be deprived of this right.

BROWO<br>v.<br>POLICE JURY.

It is urged that the defeendants have alleged in their answer that, the remedies secured to the plaintiff by law were lost in consequence of the acts and omissions of their officer, and that, under this judicial admission, the plaintiff could proceed directly against the parish, as was done in the case of *Newcomb* v. *Police Jury*, &c., 4 Rob. 233.

The defence of the police jury was perhaps ill advised. But the plaintiff has proved that it was unfounded, and that all the formalities required had been complied with. Considering that the police jury are nominal defendants, and that it is the tax payers of the parish who are to be affected by our decision, we cannot hold them to allegations made in error by their agents. *Millaudon* v. *First Municipality*, 1 An. 215.

It is, therefore, ordered that the judgment in this case be reversed, and that there be judgment against the plaintiff as in case of non suit. It is further ordered that, the plaintiff pay the costs in both courts.