## POLICE JURY *v.* McDONOGH.

Where in an action by a police jury, in which the tax-payers of the parish are the real

parties in interest, the plaintiffs have not made out their case, but there is reason to believe they can do so if another trial be allowed, the case will be remanded for further proceedings.

POLICE JURY
v.
McDONOGH.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *T. G. Morgan*, for the plaintiffs. *Roselius*, for the appellant. The judgment of the court was pronounced by

ROST, J. The defendant has appealed from a judgment rendered against him in favor of the plaintiffs, for the cost of a levée made in front of his land, in the parish of East Baton Rouge.

The inspector of roads and levées for the district in which the land is situated, adjudicated the making of the levée to *F. D. Newcomb*, for $950. The levée was made and accepted by the plaintiffs, and *Newcomb*, having ascertained that the inspector had failed to notify the absent proprietor in the manner required by the act of 1829 concerning roads and levées, claimed the amount of the adjudication from the police jury, and obtained against them a judgment, which was affirmed on appeal, and has since been satisfied. 4 Rob. 233. This action has been instituted, on the intimation of the Supreme Court in that case, that the absent proprietor was liable upon a *quantum meruit*, to the amount he had been benefitted by the work done. The defence is a general denial, and an allegation that the work was of no value, benefit, or advantage to the defendant. The defendant has also pleaded in this court, the prescriptions of one and three years.

The value of the work, and the extent to which the defendant has been benefited by it, are the only questions at issue. The only evidence by which the plaintiffs have attempted to support their allegations is that of the witness *Carl*, who testified that the value of the work was the amount of the adjudication to *Newcomb*, " he," says the witness," being the lowest bidder, although other men, who were good judges of the value of the work, were present at the adjudication, and bidding." This witness does not know the quantity of work done, and takes the adjudication as the measure of value.

It was held, in the former case, that the adjudication was illegal for want of proper notice to *McDonogh*; and the notice required by the act of 1829, is not shown in this case to have been given. Under this state of facts, the defendant cannot be bound by the adjudication in any manner.

The plaintiffs have not made out their case. But as they are only plaintiffs in name, the tax-payers of the parish being the real parties in interest, we will, as has been customary with this court in such cases, remand the case for further proceedings. This disposition of it, will enable the plaintiffs to controvert the plea of prescription filed on the appeal.

It is, therefore, ordered, that the judgment in this case be reversed, and the case remanded for further proceedings according to law ; the plaintiffs and appellees paying the costs of this appeal.