## J. W. HASSARD *v.* MUNICIPALITY No. TWO.

By an ordinance of the Second Municipality, passed May 11, 1847, the recorder was empow-
ered to suspend any police officer for dereliction of duty, and report the same to the
council.

In this case the defendants' officers had neglected the defence; the trial was *ex parte*; the
right of the plaintiff to recover doubtful. The cause was therefore remanded.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. J.
M. *Wolfe* and *P. S. Warfield*, for plantiff. *Randel Hunt*, for defendant.
By the court:

PRESTON, J. The plaintiff was elected sergeant of the night-watch of the
Second Municipality of New Orleans, and commissioned by the mayor on the

11th day of May, 1850. His wages were fixed by an ordinance at the sum of fifty-five dollars a month. On the 12th of July, 1850, he was definitely suspended by the captain of the night-watch, in obedience, as stated in his notice, to a resolution of the police committee, though the resolution is not produced.

The 11th section of an Act of the General Assembly, approved the 18th of March, 1850, prescribes "That no committee of said councils shall ever be vested with power to appoint to office ; and no officer shall be removed from office unless by a resolution of the council." The petitioner was not removed, but suspended from office. We are bound to believe the captain of the night-watch reported his action on this subject, as on all others, to the recorder of the municipality. The recorder had power to suspend any police officer for dereliction of duty, reporting the same to the council for their decision. Ordinances by Southmayd, 322, passed 11th May, 1847. The action of the recorder does not appear, nor does that of the plaintiff. For aught that appears, he submitted ; made no protest or application to the Council of the Second Municipality to be reinstated in his office and in the discharge of the duties, for the performance of which they had elected him. He remained quiet to the end of the year without doing duty a single night, so far as appears, and then sued for a year's salary.

The municipality filed no answer, made no defence to the suit, and judgment was rendered against her. The city has not the means of showing a meritorious defence on an appeal under such circumstances. But, for the reasons stated, we see no merit in the plaintiff's claim. We have been obliged, on his side, to search for ordinances not given in evidence. We have heretofore recommended that ordinances, relied upon, should be given in evidence. They cannot have the notoriety given to general statutes of the State.

We do not think this case has been properly investigated on either side, and lament the negligence of the officer who did not have the rights of the council, which elected him, vindicated through him, and the service to the public, for which he was so highly paid, performed by him ; and that the authorities of the city, also so highly paid, should neglect to defend their suits by proper and timely answers, proofs and arguments.

We think that justice requires that the merits of this case, on both sides, should be presented and examined by the district court. Causes may exist, and be presented by an answer, which would justify the proceedings of the captain of the watch and police committee, or exonerate the city from a burden imposed upon it, without any consideration or value received.

In a case of apparently clear right, on an *ex parte* trial, we would not relieve the city from loss or damage on account of the errors or defaults of its officers ; but in doubtful cases, we have felt it our duty to do so. See the case of *Stewart* v. *Willman and The First Municipality*, February, 1851, No. 1886.

We think the ends of justice require that this case should be remanded for a new trial, after making up proper pleading.

The judgment is reversed, and the cause remanded for further proceedings, according to law. The appellee is condemned to pay the costs of the appeal.

SLIDELL, J. I do not find in the transcript, satisfactory evidence that the plaintiff was dismissed from office by a competent authority ; and, in the absence of such proof, the plaintiff, who does not pretend that he has rendered services to the amount claimed in the petition, should not have had judgment for that amount.

I therefore concur in the reversal of the judgment.