No. 1885.—Widow DE ST. ROMES *v.* LEVEE STEAM COTTON PRESS.

*Where A garnisheed on execution against B, a claim for which B is suing C, notice to B of the seizure is not necessary. The law only requires that notice of the seizure should have been given to C.*

APPEAL from the Fifth District Court of New Orleans. *Léaumont, J. E. Filleul,* for plaintiff and appellant. *A. & M. Voorhies* and *E. Bermudez,* for defendants and appellees.

HOWELL, J. This is an appeal from a judgment on a rule in the Fifth District Court of New Orleans taken in this case, with which a rule in the Fourth District Court in the case of Judson and Montross *v.* Mrs. de St. Romes was cumulated.

The question presented is, whether or not the claim of plaintiff, Mrs. de St. Romes, in her suit against the cotton press in the Fifth District Court, was legally seized in the suit of Judson and Montross, H. Samory, subrogated *v.* Mrs. de St. Romes, in the Fourth District Court, before she transferred it to Eugene de St. Romes, the appellee.

Notice of the transfer and subrogation by Mrs. de St. Romes to Eugene de St. Romes, her son, was not served on the Levee Steam Cotton Press until *the ninth June,* 1868, the day after her judgment against the cotton press, rendered on the thirteenth January, 1868, became final in the Supreme Court, and the day before it was filed in the lower court.

On the fifteenth January preceding (1868), H. Samory, subrogated, issued execution against Mrs. de St. Romes in the suit of Judson and Montross against her in the Fourth District Court, and propounded interrogatories to the Levee Steam Cotton Press, which, with the petition and citation were served personally on the president thereof on the next day (January 16, 1868).

On the twenty-third of the same month the press, through its president, answered that it had sufficient funds of Mrs. de St. Romes in its hands to satisfy the judgment in favor of Judson and Montross, as to which they were interrogated, should the judgment rendered by the Supreme Court in her favor against the said press acquire the form of *res judicata.*

Notice of the transfer and subrogation by Judson and Montross of their judgment against Mrs. de St. Romes to H. Samory, issued on the fifteenth January, 1868, was served on Mrs. de St. Romes on the eighteenth of the same month.

According to the terms of the act of the twentieth March, 1839, and the decisions in Hanna *v.* Bry, 5 A. 656, and Walker *v.* Creevy, 6 A. 535, the seizure in the garnishment proceedings was effectual before the transfer from Mrs. de St. Romes to Eugene de St. Romes. The execution issued on the judgment against Mrs. de St. Romes; her rights were seized in the hands of the cotton press, to which interrogatories were propounded; its answers as garnishee were received; the execution remained in the hands of the Sheriff, and when the judgment against the press became final a rule was taken on it to pay. In such a case notice to Mrs. de St. Romes of the seizure in the hands of the press was not essential.

The transfer by Mrs. de St. Romes to Eugene de St. Romes not having been notified to the press, the debtor, until the ninth June, 1868, was not binding on Samory, the creditor of the transferee. C. C. 2613.

It is therefore ordered that the judgment appealed from be reversed, and that the rule taken by H. Samory on the Levee Steam Cotton Press be made absolute, and that the Sheriff pay to H. Samory, subrogated, the amount of the judgment in the case of Judson and Montross, H. Samory subrogated, *v.* Mrs. de St. Romes, as deposited by the Levee Steam Cotton Press by order of the lower court.

Costs of this proceeding in both courts to be paid by the appellees.

Rehearing refused.