(87 South. 310)

No. 24019.

STATE ex rel. ASCENSION RED CYPRESS CO. v. NEW RIVER DRAINAGE DIST. et al.

(Jan. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Mandamus ☞15—Want of funds defense to writ to compel payment of judgment.**

Want of funds is a complete answer to petition for mandamus to compel governing authorities of a political corporation to pay a judgment against the corporation unless the corporation has authority to collect revenues with which to pay the judgment.

2. **Mandamus ☞111 — Decree commanding board to take incidental steps to pay judgment unenforceable by mandamus.**

Mandamus decree against board of commissioners of drainage district to compel payment of judgment, which commands the taking of such steps as are incidental and necessary to enable board to pay judgment, is unenforceable, because it leaves it optional with members of board to do whatever they deem necessary.

3. **Mandamus ☞116—Drainage district without authority to levy cannot be compelled to pay judgment by tax.**

A board of commissioners of drainage district cannot be legally commanded to levy a tax to pay a judgment unless the authority has been conferred by legislative enactment.

4. **Taxation ☞28—Political subdivision must be expressly authorized to levy a tax.**

The right of a political corporation or subdivision of state to levy taxes must be conferred in terms, and is not to be implied from the mere fact that the Legislature has created the political corporation.

5. **Drains ☞68—District has no express authority to levy a tax without consent of taxpayers to pay a judgment.**

Neither Const. art. 224, nor the constitutional amendment adopted in 1918 pursuant to Act. No. 191 of 1918, nor Act No. 317, § 6, of 1910 and section 9 thereof as amended by A t No. 227 of 1914 nor Act No. 191 of 1918, authorizes drainage districts to levy taxes for the purpose of paying a judgment, or for any other purpose excepting to pay the bonded debt or the interest thereon.

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Philip H. Gilbert, Judge.

Mandamus proceedings by the State on the relation of Ascension Red Cypress Company against the New River Drainage District and others. From a judgment making alternative writ peremptory, defendants appeal. Judgment annulled, and suit dismissed.

C. C. Weber, of Donaldsonville, for appellants.

Borah, Himel, Bloch & Borah, of Franklin, and Howell, Wortham & Howell, of Thibodaux, for appellee.

O'NIELL, J. Defendants appeal from a judgment rendered in a mandamus proceeding, commanding the board of commissioners of the defendant drainage district to pay a judgment held by relator, and, if necessary, to levy a special tax for that purpose. The judgment appealed from is in the following language, viz:

"It is ordered, adjudged, and decreed that the alternative writ of mandamus herein issued be made peremptory, * * * commanding the said respondents to pay to said relator the amount of the judgment rendered in suit No. 2518, being the sum of $5,379.34, with interest thereon at the rate of 5 per cent. per annum from May 24, 1917, until paid, and the further sum of $31.15, as well as all costs of this proceeding; and to take such steps as are incidental and necessary under the law to enable them to pay said amount as the law provides; if necessary, levying and causing to be collected

as provided by law a tax upon the property situated in said drainage district, within constitutional limits, sufficient in amount to pay and satisfy the said sum, in principal, interest, and costs, as aforesaid."

The defense to the suit is contained in an exception of no cause of action. The argument in support of the defense is threefold, viz:

(1) That plaintiff did not allege that the defendant corporation had any funds with which to pay the judgment, and that the evidence shows that the corporation has no funds on hand, nor revenues except taxes which have been funded into negotiable bonds and are dedicated to pay the bonds and the interest thereon.

(2) That the defendant board of commissioners has no authority to levy a tax, without submitting the proposition to a vote of the taxpayers of the district, or for any other purpose than to pay its bonded debt and the interest thereon.

(3) That that part of the decree which commands the board of commissioners "to take such steps as are incidental and necessary under the law to enable them to pay said amount," which part of the decree is in response to the prayer of relator's petition, is without force or effect, because the steps to be taken are not prescribed or pointed out, either in relator's petition or in the decree itself.

[1, 2] With regard to appellants' first and third defenses, it is well settled that the want of funds is a complete answer to a petition for mandamus to compel the governing authorities of a political corporation to pay a judgment against the corporation, unless the corporation has authority to collect revenues with which to pay the judgment. 18 R. C. L. (p. 227) § 151. The decree commanding the defendant board to pay the judgment adds nothing to the original judgment, which ordered the defendant board to pay the amount

of the judgment, with interest and costs. The mandate to take such steps as are incidental and necessary to enable the board to pay the judgment is also unenforceable and without effect, because it leaves it optional with the members of the board to do whatever they may deem necessary. As a matter of fact, the board of commissioners had no funds with which to pay the judgment, at the time the suit was tried. It appears that there were surplus funds sufficient to pay the judgment, when the suit was filed, but the funds had been expended when the suit was tried.

[3] The only remaining question is whether the board of commissioners has authority to levy the necessary tax; for the board cannot be legally commanded to levy the tax unless the authority has been conferred by legislative enactment. 18 R. C. L. p. 231, § 155.

[4] The right of a political corporation or subdivision of the state to levy taxes must be conferred in terms. It is not to be implied from the mere fact that the Legislature has created the corporation. Cooley on Taxation (3d Ed.) 465.

[5] Counsel for relator contend that drainage districts have authority to levy taxes without submission of the proposition to the taxpayers, and for purposes other than for paying their bonded indebtedness. But we do not find the authority conferred in terms in any statute on the subject of drainage districts. It is said that, by the terms of section 9 of Act 317 of 1910, as amended by Act 227 of 1914, the Legislature has dispensed with the necessity of submitting to the taxpayers a proposition of the commissioners of a drainage district to levy taxes. But an examination of the section of the law referred to discloses that the only case in which a tax or forced contribution can be levied without submission of the proposition to a vote of the taxpayers is where the tax is

levied for the purpose of draining and reclaiming land that is too low for gravity drainage and that has to be leveed and pumped, in which case, the tax must be authorized in writing by the owners of two-thirds of the area of land within the drainage district. Counsel for relator contend, and counsel for defendants admit in their brief, that the requirement of the petition of the owners of two-thirds of the area of land within the district was eliminated from section 9 of Act 317 of 1910 by the amending Act 227 of 1914; and counsel for defendants argue that the elimination of the requirement is not important, because the amending act, without such requirement, would be unconstitutional. But counsel are mistaken in their statement that the requirement of the petition of the property owners was eliminated from section 9 of the Act of 1910 by the amending Act of 1914. Section 9, as amended, provides that the commissioners of a drainage district shall have the power to provide the funds necessary for the drainage of lands situated in the district or in a subdistrict, "by levying any tax or forced contribution which is now or may hereafter be authorized by the Constitution and laws of this state." The section further provides that, if the tax to be levied be an acreage tax authorized by a vote of the people for gravity drainage, it shall be levied for the full term for which it was voted. It provides further that, if the tax be an ad valorem tax, assessed for the purpose of paying bonds issued upon a vote of the property taxpayers, or if it be an acreage tax levied for the purpose of paying bonds issued upon a petition of the landowners for the purpose of reclaiming land that must be leveed and pumped, then the tax or forced contribution shall be levied annually. And the section provides, finally, that such bonds can not be issued for the purpose of draining or reclaiming lands that have to be leveed and pumped, until the owners of two-thirds of the area of land situated within the district or subdistrict to be drained have petitioned the board of commissioners in writing to issue such bonds, in which case the board of commissioners shall levy each year, as long as any bonds are outstanding, an acreage tax or forced contribution upon every acre of land within the district or subdistrict, for an amount sufficient to pay the interest and the portion of the principal falling due each year, and to pay the cost of maintaining the drainage.

Counsel for relator put great stress upon the language conferring upon the drainage commissioners authority to levy "any tax or forced contribution which is now or may hereafter be authorized by the Constitution and laws of this state." It is argued that the Constitution authorizes any legislation that it does not expressly forbid. That is true, and the argument might have some force if the statute merely authorized the levying of any tax or forced contribution which is now or may hereafter be authorized by the Constitution. But, for a political corporation or subdivision to be authorized by the laws of this state, to levy a tax or forced contribution, the power must be conferred in terms—not be merely tacitly permitted or implied.

Counsel for relator contend that article 224 of the Constitution confers upon all political boards, as well as parishes and municipal corporations, power to levy taxes for local purposes, strictly public in their nature. But the article merely declares that the taxing power may be exercised by public boards, as well as by parishes and municipal corporations, "under authority granted to them by the General Assembly, for parish, municipal and local purposes, strictly public in their nature." It is quite plain that public boards have not the taxing power, for local

purposes, except "under authority granted to them by the General Assembly."

Counsel for relator point to the proviso in the fourth paragraph of the constitutional amendment adopted in 1918, pursuant to Act 191 of that year, declaring that the five-mill limit of taxation, fixed in the second paragraph of the amendment, for parishes, municipalities, levees, and public boards, shall not apply to such special taxes as may be required each year to pay the principal and interest on the bonded indebtedness of the parish, municipality, or public board. But the second paragraph of the amendment declares merely that the limit of taxation which the General Assembly may authorize a parish, municipal corporation, levee board or other public board to impose, shall be five mills on the dollar. The amendment itself does not confer the taxing power upon parishes, municipal corporations, levee boards, or other public boards, but merely puts a limit upon the authority of the General Assembly to confer such power. And the fourth paragraph merely declares that that limit shall not include or apply to such special taxes as may be levied under authority of article 281 of the Constitution and the statutes putting it into effect.

Counsel for relator point to several provisions of the law from which the authority of a political corporation or subdivision to levy taxes without submission of the proposition to a vote of the taxpayers might be implied or inferred. For example, it is observed that the fourth paragraph of Act 191 of 1918 declares that local special taxes, levied annually to pay maturing bonds and the interest thereon, shall be ample for that purpose, but shall not allow any substantial excess to accumulate. Hence it is argued that a drainage district cannot have any alimony except what is necessary to pay its bonded indebtedness and the interest thereon; notwithstanding such political corpora-

148 LA.—20

tions must have some expenses for ordinary administrative purposes. It is pointed out that section 6 of Act 317 of 1910, as amended by Act 227 of 1914, authorizes drainage districts to incur debt and contract obligations, and to sue and be sued, etc. From which it is inferred that the boards of commissioners of drainage districts must have authority to levy and collect taxes to pay their obligations and to respond to judgments that may be rendered against them. The argument, in reality, is not that drainage districts have, but that they ought to have, authority to levy taxes, for such purposes. It is the province of the Legislature, not of the courts, to consider such argument.

Our conclusion is that the defendant board of commissioners has no authority to levy the tax which the judgment appealed from commands the board to levy, and that the judgment is therefore unenforceable and without effect.

The judgment appealed from is annulled, and this suit is dismissed at relator's cost.