No. 549

**First Circuit**

**STATE EX REL. CLARK v. PERRES, MAYOR**

(December 30, 1929. Opinion and Decree.)
(March 5, 1930. Rehearing Refused.)
(March 31, 1930. Writs of Certiorari and Review Denied by Supreme Court.)

Ogden & Hoffpauir, of Crowley, attorneys for plaintiff, appellee.

Pugh & Buatt, of Crowley, attorneys for defendant, appellant.

ELLIOTT, J. Dr. M. L. Clark sues to compel Felix Perres, mayor of the town of Rayne, in his capacity as mayor, to recognize him as municipal health officer of said town, and to sign warrants for his salary as such.

The record shows that on August 14, 1928, the town council of Rayne met, and acting under and pursuant to the provisions of Act No. 79, Ex. Sess. 1921, sec. 13 (amended by Act No. 296 of 1926), appointed a board of health. The mayor immediately vetoed the action of the council making the appointment. The board of health that had been appointed met, however, notwithstanding the veto, on August 21, 1928, and, according to the minutes of the meeting appointed relator president of the town board of health, and fixed his salary at $25 per month. The petition of the relator alleges, on this subject that the minutes of the organization of the town board of health makes it appear that he had been nominated and appointed president of the town board of health, when in truth and in fact it was to the office of town health officer that he was nominated and elected; that the minutes state his election as president of the town board of health through clerical error on the part of the temporary secretary in transcribing the minutes, etc. Relator immediately took charge as health officer of said town under said election and qualified and commenced the performance of his duties as such.

The minutes of the state board of health show that on October 30, 1928, the state board, taking cognizance of said action of the town board, approved the appointment of Dr. Clark as health officer of said town. The state board evidently looked on the action of the town board, on August 21, 1928, not as an election as president of the town board, as the minutes of the town board show, but as health officer of said town under the law on the subject.

Relator alleges that Mayor Perres refuses to recognize him as health officer, under said election and to sign warrants for his salary, etc.

Defendant excepted to plaintiff's demand on the ground that his petition showed no right or cause of action. His exception was accompanied by his answer, in which he admits vetoing the appointment of the board of health, and to having refused to recognize relator as health officer, and to sign warrants for the payment of his salary as such, alleging that he had acted on the advice of the city attorney in each instance. He denies the error alleged by relator to have occurred in transcribing the minutes of the meeting of the board of health as to the office to which relator was elected.

The lower court at first referred the exception of no right or cause of action to the merits, but, upon taking up the merits, it overruled the exception.

The writ of mandamus prayed for was made peremptory. Defendant has appealed.

In summary proceedings an exception of no right or cause of action may be filed at the same time as the answer, and the rights of the exceptor are not waived by the answer, State vs. Board of Liquidation, 135 La. 571, 65 So. 745.

The exception of no right or cause of action will therefore be taken up and considered on the face of the petition. The exception is based on the fact that the petition of the relator does not allege that the town council has adopted a budget of expenditures for the year 1929 and provided therein for the payment of relator, nor is it alleged that there is any money in the town treasury available for the purpose of paying him.

The town of Rayne is governed by the provisions of Act No. 136 of 1898. Section 31 of this act provides:

"That all expenditures of money for any purpose whatever, shall be in pursuance of a specific appropriation made by order, and in no other manner."

The Act No. 32 of 1902, sec. 1, reads as follows:

"That no * * * municipal corporation in this State shall, in any one year, make any appropriation of, approve any claim against or make any expenditure from the annual revenue for that year, which appropriation, approved claim or expenditure shall, separately or together with other appropriations, approved claims or expenditures, be in excess of the estimated revenue of that year."

Sections 2, 3 and 4 do not seem to be pertinent to the question in hand, but Section 5 provides:

"That no evidence of indebtedness or warrant for the payment of money shall be issued by any officer of any * * * municipal corporation in this State, except against money actually in the treasury of such * * * municipal corporation; provided, that this section shall not apply to the certificates of payment authorized to be issued under Section 3 of this act or to certificates issued to jurors and witnesses for their services in the courts."

Section 6 makes it a criminal offense for any officer to violate any of the provisions of the act.

The exception of no cause of action appears to have been well pleaded.

The Act No. 5, Ex. Sess. of 1870, has reference to the city of New Orleans, and not to other sections of the state. Section 1 provides that no court within the state shall have authority to issue a writ of mandamus against the city officers the purpose of which is to compel them to issue and deliver any order or warrant for the payment of money against the city treasurer, etc.

Section 2 provides that, after judgment has been obtained, become executory, and been registered, it shall be the duty of the controller to warrant on the treasury for said amount, without any special appropriation by a common council; provided always that there shall be sufficient money in the treasury to pay such judgment, specially designated and set apart for that purpose in the annual budget or detail statement of items of liability and expenditure.

In the case State ex rel. Thomas Lynne vs. Calhoun, 27 La. Ann. 167, and State ex rel. Houston vs. City of New Orleans, 30 La. Ann. 82, it was held, under the above law, that, where a petitioner has alleged that at the time of making his demand there is money in the city treas-

ury specially designated and set apart for the payment of his judgment, he must prove his averment, else he is not entitled to the writ prayed for.

In State vs. New River Drainage District, 148 La. 603, 87 So. 310, the court considered an exception of no right or cause of action in a suit against a drainage district in which, as in this case, it had not been alleged that there were funds in the treasury available for the purpose of paying his judgment, and the court, acting on the exception, said (we quote from the first clause of the syllabus):

"Want of funds is a complete answer to petition for mandamus to compel governing authorities of a political corporation to pay a judgment against the corporation unless the corporation has authority to collect revenues with which to pay the judgment."

The case State ex rel. Dardenne vs. Cole, Judge, 33 La. Ann. 1356, was based on provisions of the Revised Statutes which do not have application to municipal officers coming under section 31 of Act No. 136 of 1898 and Act No. 32 of 1902.

The judgment overruling the exception of no cause of action was erroneous. The exception should have been sustained, and the suit dismissed.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now ordered that the exception of no cause of action be sustained, and that plaintiff's suit be and is hereby dismissed; plaintiff and appellee to pay the costs in both courts.