## BULLIS v. TOWN OF JACKSON.
### No. 1494.

Court of Appeal of Louisiana. First Circuit. June 14, 1935.

For former opinion, see 157 So. 780.

G. P. Bullis, of Vidalia, in pro. per.

R. F. Walker, of Baton Rouge, and Chas. Kilbourne, of Clinton, for appellee.

DORE, Judge.

In our original decree, the facts are stated, save and except that it fails to take into consideration that on June 13, 1932, plaintiff herein desired further information relative to the election held on June 10, 1932, authorizing the issuance of the bonds; that on June 18, 1932, the mayor of defendant municipal corporation answered and advised plaintiff to draw and submit such bond ordinance and notice of sale of the bonds; that on June 24, 1932, plaintiff submitted to defendant the necessary ordinance, together with a proposed notice of offerance of the bonds for sale, with the request that any changes offered be submitted to him; that on August 17, 1932, defendant adopted a resolution calling upon plaintiff to complete the procedure for the adoption of the bonds and the sale thereof; that on August 20, 1932, plaintiff made reply to the effect that on June 24, 1932, he had submitted such ordinance and offerance of the bonds for sale, all to be advertised in accordance with such laws made and provided. The defendant municipal corporation failed to answer or acknowledge the receipt of the inclosures of June 24, 1932, nor to his letter of August 20, 1932.

It is the contention of defendant that plaintiff did not carry out his contract of employment.

It is our opinion that plaintiff did all which was humanly possible to do. The defendant municipal corporation did not prove that it did not use the ordinance and the proposed form of advertisement as given by plaintiff. In fact, defendant had both ordinance and proposed form of advertisement for the floating and sale of the bonds, yet did not submit the same in evidence nor seek to show wherein the same were in accordance with law. The bonds were sold, and the natural gas furnished defendant. It matters not through what agency. Plaintiff's employment was no more than to see that all proceedings relative thereto were legal.

It is apparent, therefore, that our former decree is erroneous, and should be set aside.

We, however, fail to see wherein the plaintiff should recover more than the original fee fixed by his contract of employment.

It is for these reasons that our former decree affirming the lower court's judgment be set aside, and it is therefore ordered

and decreed that the judgment of the lower court be set aside, annulled, and reversed; and, accordingly, that there be judgment herein in favor of the plaintiff and against defendant, town of Jackson, in the full and just sum of $300, with legal interest thereon from judicial demand until paid, with all costs in both courts.