LE BLANC, Judge.
The plaintiff in this suit is a practicing attorney at law who obtained a judgment against the defendant municipal corporation, the Town of Jackson, Louisiana, for legal services rendered in the year 1934. The judgment is for the sum of $300 with legal interest and it became final in the month of June, 1935. See Bullis v. Town of Jackson, La.App., 162 So. 82. The defendant having failed or neglected to pay plaintiff the amount due him under the judgment, he has resorted to legal process in order to enforce payment.
In his original petition, after having alleged failure, neglect or refusal to pay on the part of the defendant, plaintiff prays that a writ of mandamus be issued by the court commanding it to pay him the said judgment out of funds in its possession, or, in the alternative, out of the revenues of its gas franchise, or, again in the alternative, that it be required to budget the same as a debt and to levy a sufficient tax and collect the same with which to pay him.
In answer to a rule to show cause the defendant filed an exception of no right of action and of no cause of action. Plaintiff then filed another petition in which he set out in detail the facts out of which.the original suit brought by him for attorney’s • fees arose and on which judgment was rendered. In this petition he alleges that his services were in connection with preparing and having passed the necessary ordinances for the erection and installation of a natural gas system in the Town of Jackson and the sale of the bonds issued in connection therewith. He claims that as a result he has a privilege on the gas plant which is subject to execution as it is not a governmental function of the municipality but a private enterprise.
Further pleading in the alternative, plaintiff alleges that a writ of mandamus should issue because it is unjust for the Town of Jackson to take advantage of its position; that- its gas system is extremely profitable and that it has enough revenues from other sources to meet its governmental' expenses, including his judgment. He avers that it could easily pay the same in any of the following ways: (1) Out of cash on hand, (2) from the proceeds of the gas plant, (3) by levying a tax to pay the same as part of the costs of the plant, or (4) by increasing the price of gas, (5) by increasing the occupational license tax, or (6) by reducing unnecessary expenses. The prayer of his petition is for a rule to show cause why a writ of mandamus should not issue requiring the town to budget his judgment as part of its expenses and to pay the same out of its current revenues, or “to pay the same in one or all of the methods recited.” In the alternative he prays that a writ of execution issue commanding the sheriff of the parish to seize and sell the gas plant and from the proceeds that he be paid his judgment by preference and priority over all other creditors of the town.
In answer to this new petition the defendant municipal corporation filed a motion to elect and that plaintiff be made to state on which particular cause of action he relied, and also exceptions of no cause or right of action and of vagueness. The motion to elect and the exception of vagueness were overruled, the court reserving its ruling on the exception of no cause or right of action. Answer was then filed in which the defendant denied practically all the allegations made by plaintiff and then further answering, averred that it has not refused to .pay plaintiff’s judgment but that it could not pay the same until and unless it had made provisions for all statutory, necessary and usual charges; that it had prepared its budget of anticipated revenues and expenses for the fiscal year beginning October 1, 1940, and there remained no excess in the revenues with which to pay the same. Further, it averred, that it had imposed all taxes and licenses it could legally levy and that the revenues to be derived therefrom would be sufficient only to meet its statutory, usual, and necessary charges and expenses.
After trial in the court below there was judgment in favor of the defendant in rule and against the plaintiff dismissing the rule at his costs. From that judgment he has taken this appeal.
*552 In this court the defendant has again filed and is pressing its motion to elect and its exception of no cause of action. With regard to the motion to elect, although plaintiff's pleadings may appear a bit involved, we are of the opinion that he intended throughout and did protect each cause of action he tried to disclose by making each plea in the alternative. Without deciding whether plaintiff’s two demands, one for a writ of mandamus and the other seeking execution against certain property, are inconsistent or not, the rule is that even when inconsistent demands are made in the same proceedings and insisted upon, they are not inconsistent when made alternatively. Haas et al. v. McCain, 161 La. 114-119, 108 So. 305; Smith v. Donnelly, 27 La.Ann. 98. The point raised under the exception of no cause or right of action is that if plaintiff is entitled, as he claims to be, to execution on his judgment, he cannot obtain mandamus as that writ is an order directed to an individual or corporation directing the performance of some ministerial duty and can only issue in cases where the law has assigned no relief by ordinary means. ’Code of Practice Arts. 829 and 830. It is contended that since execution is such a form of relief, the cause of action for mandamus should therefore not be allowed. We must say that there is much merit in the contention urged but inasmuch as we think that the case was properly disposed of on the merits in the court below we prefer to decide it in that manner also.
Taking up plaintiff’s right to have the gas plant of the defendant town subject to levy under execution first, we readily agree with the trial judge that under the proof adduced that plant is shown to be a public utility, built by the municipality from the proceeds of a bond issue voted by the citizens and taxpayers of the town, and, as such, is dedicated to public use, and is not a private enterprise. As property dedicated to the use of the public, it is not subject to execution by an ordinary creditor of the town in satisfaction of a purely personal judgment. “Property dedicated to public use, not owned by municipality as corporation, but by public, is exempt from seizure and sale for municipality’s debts.” Town of Farmerville v. Commercial Credit Company, 173 La. 43, 136 So. 82, 76 A.L.R. 686. In that case execution was sought against a water-work system which was municipally owned and operated, and certainly in our opinion, the same rule of law therein laid down would apply to a gas system or plant, also a public utility similarly owned and conducted. In Porter v. Town of Ville Platte, 158 La. 342, 104 So. 67, 69, a mechanic’s lien and privilege was sought to be enforced against a water-work system owned and operated by the municipality which the court refused to recognize, holding that the plaintiff was entitled to judgment in personam. The authorities touching upon the right of a creditor to seize and execute on property of a municipal corporation in satisfaction of his debt were reviewed at length, and the court stated: “The legal principle governing all of these cases is that title to such property is held in trust for the public, and therefore can no more be sold to satisfy the debts of a state or other political subdivision than can any other trust property be sold to satisfy the debts of any other trustee.”
The right of the plaintiff to obtain relief under all of the various forms sought by him, by mandamus, has to be determined more or less on the facts as adduced and found in the record.
It is not shown, but we presume in the absence of any other form of organization or charter, that the Town of Jackson is incorporated under the General Municipal Corporation Statute of this State, Act 136 of 1898. That act provides that: “All expenditures of money for any purpose whatever, shall be in pursuance of a specific appropriation made by order, and in no other manner.” Section 31. Further, under its provisions, it is made the duty of the Mayor and Board of Aldermen to make an annual budget of anticipated revenues and expenditures at the beginning of each fiscal year on October 1st, and to publish the same. By the terms of Act 32 of 1902 they are prohibited from making any appropriation, approving any claim or making any expenditure from the revenues of any one year which shall, separately, or together with others, be in excess of the anticipated revenues of that year. The said revenues are to be dedicated to the payment of all statutory charges, the payment of charges for services rendered annually under time contracts and all necessary, usual charges provided for by ordinance or resolution. It is only an excess of revenue, if any, above these stipulated charges, that may be applied to the payment of amounts due and unpaid out of the revenues of former years.
The proof offered in this case shows that the defendant municipal corporation followed the provisions of the law relative to making its budget for the fiscal year beginning October 1, 1940, and from *553 the same it appears that there was no excess in revenues over and above the charges stipulated by law, out of which plaintiff's judgment could have been paid. In the case of State ex rel. Ascension Red Cypress Co. v. New River Drainage District et al., 148 La. 603, 87 So. 310, citing 18 R.C.L. 227 as authority, it is stated that: “Want of funds is a complete answer to petition for mandamus to compel governing authorities of a political corporation to pay a judgment against the corporation unless the corporation has authority to collect revenues with which to pay the judgment.” It may be that some of the items budgeted by the defendant town as expenditures appear to be a bit high, but there is certainly no proof to show that they are inflated or were arbitrarily fixed with the idea of padding the budget to escape the payment of any legitimate debts due by it. Besides, the framing of their budgets seems to be a matter which is left to the discretion of the town councils, and courts are without authority to regulate them in preparing or supplementing the same. State ex rel. Lorenz v. City Council of New Orleans, 116 La. 851, 41 So. 115.
Mandamus as sought by plaintiff in having the defendant town directed to levy an additional tax as part of the cost of its gas plant or increasing the occupational license tax, in order to pay its judgment, cannot issue for the reason that “the right of a political corporation or subdivision of the state to levy taxes must be conferred in terms. It is not to be implied from the mere fact that the Legislature has created the corporation.” State ex rel. Ascension Red Cypress Company v. New River Drainage District, supra. Neither, do we find any authority in law by which the court could enforce the town to increase the rate in the price of natural gas sold to consumers, in order to pay plaintiff's judgment, and with regard to the demand that the town reduce unnecessary expenses in order to provide funds with which to pay him, plaintiff has submitted no proof to show that the town has incurred any such unnecessary or exorbitant expenses, and for that reason, if for none other, the relief sought by him could not be obtained on that ground.
The trial judge, we think, correctly and properly disposed of all the issues presented in the rule to show cause and in plaintiff’s failure to have pointed out manifest error, the judgment which dismissed the same is hereby affirmed at his costs.