This case was before us on a former appeal. See 4 So.2d 550. A full statement of the issues presented on the former appeal is given in the opinion, however, in order to properly discuss and decide the issues involved in this second appeal, it is necessary to give a review of those issues and a brief history of the case.
In his first petition filed in October, 1940, the plaintiff alleged that he held a judgment against the Town of Jackson for $300, plus interest and costs, and the said town had failed, neglected and refused to pay the judgment, notwithstanding repeated amicable demands. He asked for a mandamus against the town, ordering it to pay the judgment out of funds then in its possession; or, in the alternative, to pay said judgment out of the first revenues accruing to the town from the sale of natural gas through its gas plant; or, in the second alternative, that the town be required to budget a sufficient amount to pay the judgment and levy a tax to raise the funds for that purpose.
After the filing of an exception of no cause or right of action by the town, plaintiff filed another petition in the same proceeding in which he sets out the services rendered by him for the town on which the judgment is based, i.e., the preparation of legal documents in connection with the issuance of bonds by the town for the purpose of building a gas plant and distribution system in the town, and that he had a lien and privilege on the gas plant *Page 845 
for the payment of his judgment; that the gas plant is not a governmental function of the town, but a private enterprise operated for profit; that said plant is subject to seizure for the payment of his judgment; that he is entitled to have a writ of fieri facias issued and the plant seized and sold to pay the judgment. In the alternative, and in case the court should hold that the gas plant is not subject to seizure, he asked that a mandamus issue ordering the town authorities to show cause why they should not be commanded to budget said judgment as part of the expenses of the town and pay same out of current revenues, or pay same in one of the other methods outlined in the petition, i.e., by using cash on hand from normal revenues, by use of the profits accruing from the operation of the gas plant, by levying a tax to pay the judgment as part of the cost of the gas plant, by increasing the cost of gas furnished the customers, by increasing the occupational license taxes, or by decreasing the expenditures of town funds for non-essential purposes; and, again in the alternative, that a writ of execution issue for the seizure and sale of the gas plant.
After the filing of various exceptions and an answer by the town, the case went to trial, and in July, 1941, the court handed down reasons for judgment in which he discussed and passed on all methods by which the plaintiff sought to have his judgment paid. Plaintiff's suit was dismissed, and he appealed to this court.
While the case was pending on appeal to this court, the plaintiff filed a rule or motion in the lower court in the same proceeding, setting up that he had obtained a writ of execution against the town on his judgment, and he asked that the Bank of Jackson be made garnishee and be required to answer the interrogatories annexed to the motion as to any property in its possession belonging to the town, or any money due by it to the town, and that the bank be ordered to pay the judgment out of any funds held by it for the town. The bank answered the garnishment process by stating that it had outstanding a certificate of deposit in the name of the Town of Jackson, Gas Bond Account, in the sum of $2,150.
The Town of Jackson filed a plea of res adjudicata to this proceeding and an exception of no right or cause of action. After the trial judge was furnished with proof of the final disposition of the former appeal, affirming the judgment of the trial judge, he sustained the exception of no cause or right of action filed by the town to the garnishment proceedings, but did not pass on the plea of res adjudicata. The plaintiff took an appeal from this judgment which sustained the exception to the garnishment proceedings.
The Town of Jackson has filed a motion to dismiss the appeal on the ground that the former judgment which was affirmed on appeal had denied the plaintiff the identical remedy which he now seeks to enforce his judgment, that is by subjecting the funds of the town on deposit in the bank to the payment of his judgment under the garnishment process. In the motion, the town asks for damages for a frivolous appeal.
The motion to dismiss is not well taken for the reason that the grounds set up and relied on for dismissing the appeal are the same grounds set up and relied on for sustaining the plea of res adjudicata. The fact that the matter in controversy on a second appeal might have been adjudicated in a former judgment affirmed on appeal is not necessarily a good ground for dismissing the appeal, as the court might find, or it might be contended by the appellant, that the same questions were not passed on in the former judgment. The motion to dismiss the appeal is therefore overruled.
The Town of Jackson answered the appeal and asks that the plea of res adjudicata be sustained, if the court finds that the exception of no right or cause of action was improperly sustained by the trial court. While the record does not disclose the grounds on which this exception was sustained, we assume that it was sustained for the reason that an execution cannot issue against a town for the seizure of its funds in order to pay an ordinary judgment against it, as the property of the town is not subject to seizure under a writ of fieri facias to pay such a judgment; that the garnishment process was an attempt to seize the property of the town under such a writ, and for that reason the garnishment proceedings had nothing to support them. This is sufficient ground to affirm the judgment of the trial court which sustained the exception, however, we prefer to rest our decision on the plea of res adjudicata.
In passing on the various contentions of the plaintiff for the payment of his *Page 846 
judgment, the trial judge in his reasons for judgment specifically passed on the contention of the plaintiff that his judgment should be paid out of the certificate of deposit in favor of the town for $2,150, as will be seen from the following taken from his reasons:
"Plaintiff, in his brief, contends that he should be paid out of a fund on deposit in the Bank of Jackson in the form of a certificate of deposit in the sum of $2,150. The testimony shows that the town of Jackson has an outstanding bonded indebtedness, resulting from the gas plant construction, of $2,000 represented by four $500 bonds, two maturing in September or October, 1941, and two in September or October, 1942. The defendant officials testified that this certificate of deposit represented a fund accruing from (presumably one mill levy) gas plant revenues and was set aside as a sinking fund to retire the gas plant bonds at maturity. The Court is not prepared to say that the town should be mandamused to pay the judgment out of the money so deposited. It is true that only two bonds mature in 1941 and that the fund is more than enough to pay both bonds and judgment, but it is mandatory that the town authorities provide a sinking fund fully sufficient to pay principal and interest of outstanding bonds but also to provide a reserve for contingencies. To say that the town must pay plaintiff's judgment out of the money on time deposit would be an invasion of discretionary powers lodged in political corporations as to how and in what amount a sinking fund for retirement of bonds should be maintained."
While this court, in affirming the judgment of the trial court on the former appeal, did not specifically discuss the matter of applying this certificate of deposit in payment of the judgment, it did approve the findings of the trial court in all respects, which, of course, had the effect of approving and affirming that part of his judgment based on the above quoted reasons. To permit these funds to be seized under this garnishment proceeding for the payment of plaintiff's judgment would be a circumvention of the judgment which held that these funds could not be subjected to the payment of the judgment held by plaintiff.
It seems to be the contention of the plaintiff in his brief that, as the Bank has answered the garnishment admitting the possession of sufficient funds belonging to the town with which to pay the judgment, there is nothing for the court to do but to order the Bank to turn over sufficient funds to satisfy the judgment, as provided for in Article 246 of the Code of Practice. He takes the position that the Town of Jackson is not a party to the garnishment proceeding and had no right to file the plea and the exception. In this he is mistaken, as the town is the defendant in an attempted execution on its property and has an interest as a party to the suit to oppose the seizure of its property under garnishment process based on a fieri facias to the same extent as it would have to oppose a direct seizure of its property under such a writ. First National Bank v. Lagrone,164 La. 907, 114 So. 832.
For the reasons hereinabove assigned, it is ordered that the judgment appealed from be amended and revised, and it is now ordered that the plea of res adjudicata filed by the Town of Jackson be and the same is hereby maintained, and the garnishment proceeding against the Bank of Jackson is hereby dismissed and the seizure thereunder released, all at the cost of plaintiff in both courts.