14 So.2d 1

**BULLIS v. TOWN OF JACKSON.**
No. 36963.

May 17, 1943.

G. P. Bullis, of Ferriday, in propria persona, for applicant.

Parker, Seale & Kelton, of Baton Rouge, for respondent.

PONDER, Justice.

The plaintiff, G. P. Bullis, attorney-at-law, obtained a judgment against the Town of Jackson on June 14, 1935, for the sum of $300, with legal interest thereon from judicial demand until paid, for services he rendered as legal advisor in connection with floating a bond issue. Bullis v. Town of Jackson, La.App., 162 So. 82. The plaintiff unsuccessfully sought to enforce the payment of this judgment by mandamus proceedings. Bullis v. Town of Jackson, La.App., 4 So.2d 550. On September 2, 1941, the plaintiff, after having obtained a writ of fieri facias, applied to and secured from the lower court the issuance of a writ of garnishment directed to the Bank of Jackson with the view of collecting his judgment. The Bank of Jackson, in answer to interrogatories propounded to it, acknowledged that there was an outstanding certificate of deposit with the Bank in the name of the Town of Jackson, Gas Bond Account, for the sum of $2,150, represented by certificate No. 3162. Thereafter, plaintiff moved for judgment against the bank condemning it to pay to the sheriff

an amount sufficient to satisfy the judgment. Exceptions of no right and no cause of action and a plea of res adjudicata were interposed by the Town of Jackson. The lower court sustained the exceptions of no right and no cause of action and dismissed the plaintiff's suit. The plaintiff appealed to the Court of Appeal, First Circuit. The defendant answered the appeal, asking for the judgment of the lower court, sustaining the exceptions of no right and no cause of action, to be affirmed, and in the alternative, that the plea of res adjudicata be sustained and the suit dismissed. Upon hearing of the appeal, the Court of Appeal sustained the plea of res adjudicata and dismissed the plaintiff's suit. 9 So.2d 844. In its reasons for judgment, the Court of Appeal stated that there were sufficient grounds to affirm the judgment of the trial court, sustaining the exceptions of no right and no cause of action, but that it preferred to rest its decision on the plea of res adjudicata. The matter is now presented to us on review.

The plaintiff, appellant, contends that the plea of res adjudicata was erroneously sustained.

The plea of res adjudicata is predicated on the holding in mandamus proceedings in the case of Bullis v. Town of Jackson, La.App., 4 So.2d 550. We do not find in the opinion handed down by the Court of Appeal in the mandamus proceedings any mention of the certificate of deposit involved herein. However, in the opinion handed down by the Court of Appeal in the present proceedings, Bullis v. Town of Jackson, 9 So.2d 844, 846, we find the following statement which was taken from the reasons given by the trial court for judgment:

" 'Plaintiff, in his brief, contends that he should be paid out of a fund on deposit in the Bank of Jackson in the form of a certificate of deposit in the sum of $2,150. The testimony shows that the town of Jackson has an outstanding bonded indebtedness, resulting from the gas plant construction, of $2,000 represented by four $500 bonds, two maturing in September or October, 1941, and two in September or October, 1942. The defendant officials testified that this certificate of deposit represented a fund accruing from (presumably one mill levy) gas plant revenues and was set aside as a sinking fund to retire the gas plant bonds at maturity. The Court is not prepared to say that the town should be mandamused to pay the judgment out of the money so deposited. It is true that only two bonds mature in 1941 and that the fund is more than enough to pay both bonds and judgment, but it is mandatory that the town authorities provide a sinking fund fully sufficient to pay principal and interest of outstanding bonds but also to provide a reserve for contingencies. To say that the town must pay plaintiff's judgment out of the money on time deposit would be an invasion of discretionary powers lodged in political corporations as to how and in what amount a sinking fund for retirement of bonds should be maintained.' "

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing de-

manded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." Revised Civil Code, Article 2286.

■ It is well settled that the plea of res adjudicata is stricti juris. Any doubt as to the identity of the causes of action in the two suits must be resolved in favor of the plaintiff. Hope v. Madison, 194 La. 337, 193 So. 666.

■ "This court has repeatedly and consistently held that the exception or plea of res judicata cannot be sustained unless each of the three essentials prescribed by the Code is found present. The rule or formula laid down by the Code is stricti juris and must in all cases be adhered to. The reason clearly appears. A departure from the rule might easily result in serious hurt and injustice to one of the litigants." Lloveras v. Reichert, 197 La. 49, 200 So. 817, 819.

The mandamus proceedings were instituted against the Town of Jackson. The present garnishment proceedings were instituted against the bank. The proceedings are separate and distinct. Different parties are involved and must be dealt with as such.

■ "The forbearance of the plaintiff from taking a judgment against the garnishees, at the time that judgment was rendered against the defendant, was no waiver of his right to proceed at a future day against the former. A judgment is not required by the Code of Practice to be ren-

dered at the same time against the defendant and garnishees, and it is by no means unusual to take separate judgments, at different times, against such parties." Sturges v. Kendall, 2 La.Ann. 565.

■ The holding in the case of Union National Bank of New Orleans v. Hyams, 50 La.Ann. 1110, 24 So. 774, is well stated in the syllabus as follows:

"Garnishment proceedings, taken out in a case after and under final judgment therein, in one sense may be said to be incidental to the main suit, as they are based thereon; but they are separate and distinct proceedings, with new parties, and must be dealt with as such. They are not brought before the supreme court through an appeal taken from the judgment in the main suit."

"It is not necessary that the defendant judgment debtor, Myrtle Grove Syrup Co., Inc., be served with a notice of seizure under the fieri facias which formed the basis of the garnishment process. Walker v. Creevy, 6 La.Ann. 535; De St. Romes v. Levee Steam Cotton Press Co., 21 La.Ann. 291; Daigle v. Bird, 22 La.Ann. 138; Endicott Johnson Corp. v. Encyclopedia Press, Inc., 266 U.S. 285, page 289, 45 S. Ct. 61, 69 L.Ed. 288.

"Nor is it necessary that the defendant judgment debtor be made a party to the rule to traverse, which is provided for by Act No. 73 of 1884. This act does not require that the defendant judgment debtor be made a party to the rule, but merely provides that the plaintiff shall 'file a rule in court or institute other proceedings against the garnishee.' " Chalmette Pe-

·troleum Corp. v. Myrtle ·Grove Syrup Co., 175 La. 969, 144 So. 730, 734.

■ We therefore conclude that the ·proceedings involved herein are separate and distinct and involve different parties. Such being the case, the plea of res adjudicata is not well founded.

■■ At the time of the mandamus pro-·ceedings, it appears that the deposit in the Bank of Jackson was set aside as a sinking fund to retire outstanding bonds maturing in 1941 and 1942.

"This waterworks plant being strictly ·public property is out of commerce and ·cannot be subjected to seizure and sale for the debts of the town. The jurisprudence, .as settled in this state is concisely stated in the syllabus of the case of City of New ·Orleans v. Werlein, 50 La.Ann. 1251, 24 .So. 232, as follows:

" 'Property once dedicated to public use ·is extra commercia, and inalienable by .seizure and sale under execution against a municipal corporation, unless it is made .affirmatively and clearly to appear that its use had been abandoned or lost by nonuser.' Millaudon v. First Municipality of New Orleans, 1 La.Ann. 215; Delabigarre v. Second Municipality of New Orleans, 3 La.Ann. 239; Police Jury v. McDonogh, ·4 La.Ann. 352; Hassard v. Municipality No. 2, 7 La.Ann. 495; City of Shreveport v. Walpole, 22 La.Ann. 526.

\*  \*  \*  \*  \*

"A municipality may, of course, own ·property which is not and can never be needed for strictly municipal or public purposes; and property which, though once ·dedicated to and used for such purposes, is abandoned as a public utility. Such property may be treated as the private asset of the municipality and may be levied on and sold under execution for the debts of the corporation. But property not owned by the municipality in its corporate capacity, but by the public, the inhabitants, dedicated to public use, is not subject to seizure and sale for the debts of the municipality as long as it is so used. It is exempt as a matter of public policy.

"Whether the property involved in this case is subject to levy and execution depends upon its status. That it is public property dedicated to public use, the title to which is vested in the public; that it is owned by the public, the inhabitants of the town, and not by the town in its corporate capacity cannot be questioned." Town of Farmerville v. Commercial Credit Co., 173 La. 43, 136 So. 82, 84, 76 A.L.R. 686.

Also see: American-La France & Foamite Industries, Inc., v. Town of Winnfield, 184 La. 1043, 168 So. 293; J.B. McCrary Co. v. Town of Winnfield, D.C., 40 F.Supp.- 427; Vanderpoel v. Mt. Ephraim, 111 N.J.L. 423, 168 A. 575, 89 A.L.R. 862; 21 Am.Jur., secs. 457 and 458, pp. 229-231.

The plaintiff contends that he is entitled to show on the merits of the cause, if he can, that the funds deposited in the bank are not needed for strictly municipal or public purposes or that their use for public purposes has been abandoned or lost by nonuser.

■ The plaintiff's suit should not be dismissed on exceptions of no cause and no right of action on testimony taken as to the

status of the funds on deposit in the mandamus proceedings. Whether or not the funds are subject to levy and execution depends upon their present status. The status of the funds addresses itself to the merits of the cause.

For the reasons assigned, the judgment of the lower court and the judgment of the Court of Appeal are reversed and set aside. The exceptions of no right and no cause of action are overruled, and the plea of res adjudicata is denied. The case is remanded to the lower court to be proceeded with consistent with the views herein expressed and according to law.