LOTTINGER, Judge.
This is a mandamus proceeding against members of the West Baton Rouge Parish School Board, seeking to compel them to include in the school board budget of 1967— 1968 an amount sufficient to pay the judgment obtained by plaintiff, Miss Elaine T. Delaune, against the School Board in proceedings entitled, Delaune v. Lousteau, La.App., 193 So.2d 907; writs refused, 250 La. 371, 195 So.2d 645. In that suit plaintiff recovered judgment against Mr. Lousteau and the School Board, in solido, in the amount of $74,876.70 with legal interest from date of judicial demand until paid and all costs legally chargeable against public bodies.
Mr. Lousteau had $10,000 personal liability insurance with Marquette Casualty Company. Unfortunately Marquette went *673 bankrupt soon after the accident and all that Miss Delaune has been able to recover from that insitrer is the sum of $1,400, for which credit is due to the remaining defendants, Lousteau and the Board.
The Lower Court rendered judgment denying Miss Delaune the relief she prayed for and rejecting her suit at her cost. From this judgment, plaintiff has perfected this devolutive appeal.
The judgment of the Trial Court is fully supported by the decision of the Louisiana Supreme Court in State ex rel. Ascension Red Cypress Company v. New River Drainage District et al., 148 La. 603, 87 So. 310 (1921). In that case, as here, plaintiff sought a mandamus against a drainage district seeking to compel payment of a judgment. In denying the relief, the Supreme Court held that a want of funds is a complete answer to a petition for mandamus under such circumstances. In so holding, the Court observed:
“With regard to appellants’ first and third defenses, it is well settled that the want of funds is a complete answer to a petition for madamus to compel the governing authorities of a political corporation to pay a judgment against the corporation, unless the corporation has authority to collect revenues with which to pay the judgment. 18 R.C.L. (p. 227) § 151. The decree commanding the defendant board to pay the judgment adds nothing to the original judgment, which ordered the defendant board to pay the amount of the judgment, with interest and costs. The mandate to take such steps as are incidental and necessary to enable the board to pay the judgment is also unenforceable and without effect, because it leaves it optional with the members of the board to do whatever they may deem necessary. As a matter of fact, the board of commissioners had no funds with which to pay the judgment, at the time the suit was tried. It appears that there were surplus funds sufficient to pay the judgment, when the suit was filed, but the funds had been expended when the suit was tried.”
The above holding of the Supreme Court was followed by this Court in the case of Bullis v. Town of Jackson, 4 So.2d 550 (La. App., 1941) and writs were refused by the Supreme Court.
It is clear from the undisputed evidence in this case that the 1967-1968 budget had already been approved at the time the suit was instituted in the District Court; that the anticipated revenues were not underestimated nor were the anticipated expenditures overestimated in order to avoid payment of the judgment; that there were no funds available for the judgment without doing serious damage to the operation of the public school system and that the School Board then levied all taxes up to the maximum legal limit without an election approved by the taxpayers.
Thus, Mr. James Olinde, the supervisor of business services for the School Board, who prepared the budget, testified (Tr. 65), as follows:
“Q. And I’ll ask you whether or not in the preparation of that budget you either underestimated the anticipated revenue or overestimated the anticipated expenditure in order to get around the payment of the judgment of Miss Delaune?
A. No, I did not.
Q. Did you take that into consideration at all?
A. None whatsoever. We had to use some of our needs to fit this budget and I did not consider this at all.
Q. If you had funds available with which to pay this judgment, would you have budgeted the judgment?
A. I would.
Q. Are there any such funds available for the payment of this judgment?
A. Not to my knowledge.”
*674 And Mr. Olinde further testified (Tr. 66-67), as follows:
“Q. Let me ask you this one question. Is there any expenditure or proposed expenditure that you or the Board has listed on this budget that either you or the Board consider could be eliminated and still operate a reasonable school system for this parish ?
A. There is not.
Q. Is there any item of anticipated revenue on this budget which you have either deliberately or otherwise underestimated to your knowledge?
A. There is not.
Q. Are there, then, any funds presently available for the payment of this judgment ?
A. There is none.
Q. Does the School Board now levy all taxes up to the maximum limit without consent of the public?
A. Yes, we do.
Q. In other words, there is no authority for any tax — additional tax to be levied unless the proposition submitted to and approved by the people; is that correct?
A. That’s correct”.
The ruling of the District Court was correct upon authority of the New River Drainage District and Town of Jackson cases, supra.
In addition the relief sought by appellant and the whole matter presented by this litigation has long since become moot. The sole prayer for relief is that a mandamus issue to compel the budgeting of certain funds in the 1967-1968 budget.
For the above and foregoing reasons, the judgment of The Trial Court is affirmed at appellant’s costs.
Judgment affirmed.