LILLIAN G. GOWDY, PROSECUTRIX, v. STATE BOARD OF EDUCATION OF THE STATE OF NEW JERSEY ET AL.

Submitted July 3, 1912—Decided April 28, 1913.

1. The prosecutrix had served three consecutive years as school teacher in the public schools of Paterson, and therefore under section 106a (4 *Comp Stat.*, p. 4763), she holds her employment during good behavior and efficiency and is not subject to a reduction of salary. A resolution by the board of education changing the mode of payment from ten equal monthly payments to twelve, and which in effect reduces her salary is in clear violation of the section referred to.

2. Sections 106 and 106a of the Public School law (4 *Comp. Stat.*, p. 4763), considered and construed.

On *certiorari.*

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutrix, *Michael Dunn.*

For the respondents, *Thomas F. McCran* and *Edward F. Merrey.*

The opinion of the court was delivered by

KALISCH, J.   The prosecutrix is a school teacher in one of the public schools of the city of Paterson, and she had been such teacher for more than three years prior to the 24th of June, 1910, receiving a salary of $900 per school

year, payable in ten monthly installments of $90. The school year was a period of ten months, commencing on the first day of September and ending on the thirtieth day of June.

The board of education of the city of Paterson, on the 24th day of June, 1910, passed the following resolution:

"*Resolved,* That the plan of payment of principals and teachers in the employ of this department be changed from the present, or what is known as the ten-payment plan, to what is known as the twelve-payment plan, the same to become effective in the case of each principal and each teacher upon the next anniversary of the date of his or her employment by this department; that notice of the adoption of this resolution be sent to each principal and teacher forthwith."

The prosecutrix complained of this action and refused to accept the reduction of salary, or the twelve-payment plan, as violative of the supplement to the Public School act. *Pamph. L.* 1909, *p.* 398; *Comp. Stat., p.* 4763, § 106a. The board of education tendered the prosecutrix $75 for her September salary which she refused to accept.

The prosecutrix appealed to the state superintendent of education, who reversed the board of education of the city of Paterson, and the latter in turn appealed to the state board of education, which reversed the finding and adjudication of the state superintendent, and affirmed the action of the board of education of the city of Paterson.

The prosecutrix had served three consecutive years as such school teacher, and therefore, under section 106a (*Comp. Stat., p.* 4763), she holds her employment during good behavior and efficiency and is not subject to a reduction of salary except for causes specified in said section, and they are not pertinent to the inquiry here. Section 106 of the Public School act (*Comp. Stat., p.* 4762), *inter alia,* provides: "Board of education may make rules and regulations governing the engagement and employment of teachers and principals, the terms and tenure of such employment

and the promotion and dismissal of such teachers and principals, the salaries, time and mode of payment thereof, and may from time to time change, amend or repeal such rules and regulations. The employment of any teacher by such board and the rights and duties of such teacher with respect to such employment shall be dependent upon and shall be governed by the rules and regulations in force with reference thereto."

It is insisted by the defendants that by virtue of this provision the board of education of the city of Paterson had a right to change, amend or repeal such rules and regulations in force, and therefore the resolution to change from the ten-payment plan to the twelve-payment plan was an authorized act. If the effect of this change reduced the salary of the prosecutrix (and we think it does) the resolution is ineffectual as to her, she being within the protection of section 106a, which clearly forbids the reduction of the salary of a teacher who has completed three consecutive years of service. Furthermore, this act is a later act than the section which gives the department the right to change its rules and regulations, and the two acts must be read together.

The contention of the prosecutrix is that she is to teach in the public schools from September 1st to June 30th. That the practical operation of the rule in her case would result in withholding from her one-twelfth of $900 for a period of one month and another for a period of two months after she had fully performed her contract. And should she from any cause cease to be a teacher in Paterson before September 1st, 1912, she would not receive the full amount of salary called for by her contract. This contention is sound. And it may be added that if the prosecutrix should die during the term near or at the end of a month and shortly after the term has commenced her estate would receive less under the twelve-payment plan than under the ten. We think that such a result is in effect an impairment of the contract and in clear violation of section 106a.

Even if it appeared that by the full performance of the contract the twelve-payment plan was more profitable than the ten-payment plan, nevertheless any change made in the contract by the resolution which makes the contract less effective in that it might under certain circumstances tend to reduce the salary of the prosecutrix is a violation of said section.

With that view, the resolution is obnoxious to the statute which prevents a reduction in salary of a teacher who has completed three consecutive years of service.

Whatever dispute there might be over the meaning of the word "monthly," as defined by the latter part of section 106, which reads: "In every contract a month shall be taken to be twenty school days or four weeks of five school days each, and the salary specified in every such contract shall be paid in equal monthly installments not later than five days after the close of each month while the school shall be in session." Usage in payment, as appears by the case, had interpreted the meaning of the payment "in ten monthly installments" to mean "ten installments during the school year."

We think, therefore, that there was a reduction in the salary, and that the resolution of the board of education of the city of Paterson, as to the prosecutrix who was a teacher under the tenure of office provision (section 106a), was illegal and must be set aside.