AMBROSE E. VANDERPOEL, PLAINTIFF-RESPONDENT, v. BOROUGH OF MOUNT EPHRAIM, DEFENDANT-APPELLANT.

Submitted May 26, 1933—Decided September 27, 1933.

For the defendant-appellant, *Orlando & Kisselman.*

For the plaintiff-respondent, *McKirgan & Gilson.*

The opinion of the court was delivered by

BODINE, J. A judgment was recovered against the borough of Mount Ephraim. Execution was levied upon moneys on deposit with the Mount Ephraim National Bank carried in the savings, current, water department and bond and interest

accounts. By stipulation, the levy was withdrawn from the current and water department accounts. The Supreme Court refused to vacate the levy on the savings and bond interest account. The present appeal brings before us the propriety of this ruling.

The record discloses that the ratables of the borough are but twice its bonded debt of $1,000,000. The money in the savings account was a sinking fund for the retirement of bonds while the money in the bond interest account was used to meet interest payments.

In this state, the scheme of municipal finance is to raise money by taxation to meet definite needs for which appropriations have already been made. Municipal funds before receipt are allocated to definite public use.

The problem is whether a creditor may, by execution against a particular municipal fund, take that which has not been appropriated to the payment of his debt.

In *Lyon* v. *City of Elizabeth,* 43 *N. J. L.* 158, and in the more recent case of *Township Committee of Piscataway* v. *First National Bank of Dunellen,* 111 *N. J. L.* 412, it was decided that neither the property of a city used in the exercise of its function of government nor the funds in its hands appropriated for a public purpose could be seized in satisfaction of a judgment. The creditor who reduces his claim to judgment usually issues execution only as a foundation for *mandamus* proceedings to compel the raising of sufficient revenue by taxation to satisfy his claim. The fundamental needs of government require that municipalities be free from the seizure of lands and personal property used in the exercise of a governmental function. The money set apart to liquidate bonds and pay interest thereon cannot be seized at the suit of a creditor without irreparable harm to the municipal credit and without a preference of one creditor over another.

The judgment creditor in this case was the holder of defaulted bonds; if he may seize funds which are to be devoted to the payment of bonds generally he secured by his vigilance an advantage over all other bondholders.

Municipal credit has been established by the creation of sinking funds for the liquidation of debts when due. If such funds may be taken by one bondholder for his own advantage other bondholders must be delayed in the collection of their claims. The municipal credit must necessarily suffer if bondholders do not have equal rights in the funds created for the liquidation of their claims. We can find nothing in the Execution act which would give rise to the implication that such funds can be the subject of seizure at the suit of a judgment creditor, but if there is we still think that the result would be. ruinous.

All bondholders for whose satisfaction a fund was created have equal rights therein. Any other rule would result in one creditor having immediate satisfaction while another would be obliged to wait until, in the course of time, a collection of taxes could be made. Nothing would more surely impair municipal credit than the knowledge that before the law all bondholders were not given equal rights in the funds set aside for the liquidation of claims.

It is essential to the beneficial exercise of granted powers that a municipality be able to secure advances upon its credit. Even though it failed in meeting its obligations when due because too much has been extended upon the hope that its inhabitants could earn money sufficient to pay taxes, still it is essential that the municipality deal justly with its creditors and preferences, however secured, are not to be so regarded.

Construing the Execution act strictly as we must, we can find nothing in it which gives one creditor a right to take public property in satisfaction of a judgment even though it be money, part of which may have been set aside to satisfy his claim.

The remedies of the municipal creditor are, as they always have been, by *mandamus* (2 *Comp. Stat., p.* 2255), or under the act concerning municipal finance (*Pamph. L.* 1931, *ch.* 340), as amended. The immunities of sovereignty shield public funds of every kind as well as the public buildings.

The one is as essential to government as the other. *Township of Piscataway* v. *First National Bank of Dunellen, supra.* The judgment below is reversed.

*For affirmance*—DILL, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.