59 N.J. Super. 412 (1960)
157 A.2d 868
RICHARD GROSSO, SAVERIO ALLEGRA, LEON GIACCONE, LOUIS GIORDANO, PATRICK LA SALLE, MARTIN LUIZZI, KATHLEEN D. NIXON, SUE LUND, HELEN CLEARY, ANN EODICE, DOROTHEA SUPLICKI, DORIS VAN SYCKEL, NANCY J. DECKER, NANCY LUCARELLI FAMY, EVELYN L. BROWN, ELEANOR COCHMAN, MARGUERITE MARSH SHARRY, MARY MIHALKO, JEANETTE LAUTH, PLAINTIFFS,
v.
THE CITY OF PATERSON, BOARD OF HEALTH OF THE CITY OF PATERSON, AND THE BOARD OF FINANCE OF THE CITY OF PATERSON, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 1, 1960.
*413 Mr. Irving I. Rubin, attorney for the plaintiffs.
Mr. Theodore D. Rosenberg, attorney for the defendants City of Paterson and Board of Finance of the City of Paterson (Mr. Adolph Romei, appearing).
Mr. Ervan F. Kushner, attorney for the defendant Board of Health of the City of Paterson.
KOLOVSKY, J.S.C.
Pursuant to the opinion of this court in Grosso v. City of Paterson, 55 N.J. Super. 164 (1959), judgment was entered on April 14, 1959, in favor of plaintiffs and against defendant Board of Health of the *414 City of Paterson in the sum of $3,169.97 and costs. The judgment remaining unpaid, this action in lieu of the prerogative writ of mandamus to compel payment was instituted on October 20, 1959. Joined as defendants were not only the board of health but also the City of Paterson and its board of finance.
The original action was instituted against the Board of Health and the City of Paterson to recover salary increments due plaintiffs under salary ordinances of the board of health. Both defendants were represented by the City Attorney of Paterson. The action was dismissed as against the city; judgment for salary due was entered only against the board of health, plaintiffs' employer.
The matter is presently before the court on plaintiffs' motion for judgment on the pleadings or, in the alternative, for summary judgment. In view of the proofs which have been submitted, the motion will be treated as a motion for summary judgment, R.R. 4:12-3.
The basic facts are uncontradicted. A copy of the judgment and a demand for payment were served on the defendant board of health and execution issued on the judgment. The board of health took no action to provide for payment of the judgment nor did it appeal therefrom. The time for appeal had long since expired.
Had this judgment been entered against a private individual or corporation, plaintiffs could have caused execution to issue thereon and levied on the judgment debtor's property. But since the judgment debtor is a public corporation, its property cannot be levied on. Lyon v. City of Elizabeth, 43 N.J.L. 158 (Sup. Ct. 1881).
This does not mean, of course, that plaintiffs are without a remedy. On the entry of the judgment it became the duty of the defendant board of health to provide means for payment of the judgment. That duty is enforceable by an order in the nature of a writ of mandamus. Lyon v. City of Elizabeth, supra; Township Committee of Piscataway Township v. First National Bank of Dunellen, 111 N.J.L. *415 412 (E. & A. 1933); Gowdy v. Board of Education of City of Paterson, 89 N.J.L. 137 (Sup. Ct. 1916). See also, People ex rel. First National Bank of Stevens Point, Wis. v. Village of Stickney, 1 Ill. App.2d 177, 116 N.E.2d 924 (App. Ct. 1954); Neidhardt v. City of Wood River, 329 Ill. App. 485, 69 N.E.2d 345 (App. Ct. 1946).
Where a creditor obtains a judgment against a municipal corporation, "the practice in this state has uniformly been to issue execution against the municipality, not to seize and sell its public property, but for the purpose of laying a foundation of a mandamus proceeding." Township Committee of Piscataway Township v. First National Bank of Dunellen, supra, at page 416 of 111 N.J.L.
The granting of the writ "is not a discretionary matter. Mandamus is the only remedy of the creditor for the enforcement of his [judgment] * * *. This is a well-established doctrine." Hourigan v. North Bergen Township, 113 N.J.L. 143, 146 (E. & A. 1934).
Mandamus lies because the judgment is the "* * * establishment of a valid claim, for which it is the duty of the proper officers to provide means of payment out of the revenues of the defendant." Lyon v. City of Elizabeth, 43 N.J.L. 158, 162 (Sup. Ct. 1881). Since no appeal was taken from the judgment and since the time for appeal has since long passed, it was the clear duty of the defendant board of health to pay plaintiffs' judgment and to take such steps as may be required to provide means of payment out of its revenues. Indeed, as an Illinois court has said:
"Officials can have no higher duty than the payment of honest debts of municipalities reduced to judgment and it is not discretional with them as to whether or not they shall do so. Neidhardt v. City of Wood River, 329 Ill. App. 485, 69 N.E.2d 345. To the same effect see People ex rel. Euziere v. Rice, 356 Ill. 373, 190 N.E. 681." People ex rel. First National Bank of Stevens Point, Wis. v. Village of Stickney, 1 Ill. App.2d 177, 116 N.E.2d 924, 926.
In Gowdy v. Board of Education of City of Paterson, 89 N.J.L. 137 (Sup. Ct. 1916), which also involved salary *416 claims of public employees, Mr. Justice Minturn said, at page 138:
"The right of these relators to their salaries having been determined by this court, Gowdy v. State Board of Education, 84 N.J.L. 231, in the manner therein adjudicated, their legal right to payment in accordance with the judgment is incontestable upon this hearing.
In such a situation, the duty of the school board to levy the tax to pay the judgment or to perform such other duty as may be necessary to discharge the obligation becomes imperative, and mandamus will go against the representatives and agents of the school district to compel them to perform such duty. High Extr. L. Rem. 301; Pleasantville v. Atlantic City [& Suburban Traction] Co., 75 N.J.L. 279."
Plaintiffs are, therefore, entitled to a mandamus requiring the board of health to pay the amount due on the judgment, together with interest thereon to the date of payment, and to take whatever steps may be necessary to effectuate such payment. Those steps will include a direction to the City of Paterson and its board of finance requiring them to draw a warrant or check payable to plaintiffs' order for the amount due on the judgment and to charge the same against the funds appropriated by the City of Paterson to the board of health. The proofs show that the balance remaining of the funds so appropriated for the year 1959 and for the first three months of 1960 are more than sufficient to pay the judgment, even without taking into account the monies to be appropriated by the city to the board of health for health purpose for the full year 1960.
The proofs also show that under the uniform practice of past years monies appropriated by the City of Paterson to the board of health, as required by the Health Act, N.J.S.A. 26:3-43, are not turned over to the board of health; they remain in the possession or custody of the City of Paterson. The monies appropriated are, however, available to the board of health for payment of its obligations. See Grosso v. City of Paterson, supra, 55 N.J. Super., at page 175. Vouchers covering such obligations, approved by the board of health, are forwarded to the board of finance, which then *417 draws a check or warrant in payment of that obligation on one of the city's bank accounts and charges the amount of the disbursement against the appropriation made to the board of health.
It appears from the representations of the attorney for defendants City of Paterson and its board of finance that the board of finance has indicated that because it does not agree with the decision in Grosso v. City of Paterson, supra, it will refuse to draw a check or warrant in payment of plaintiffs' judgment even though the board of health will, as required by the order to be entered against it, direct the City of Paterson and its board of finance to draw such check or warrant and to charge the same against the appropriations made to the board of health.
The duty of the board of finance to draw a check or warrant against the funds appropriated to the board of health when so directed by the board of health is ministerial and can be enforced by mandamus at the suit of the plaintiffs, judgment creditors. State ex rel. Borough of Emerson v. Pascarella, 118 N.J.L. 469 (Sup. Ct. 1937).
In view of the representations made, the order to be entered will require defendants City of Paterson and the Board of Finance of the City of Paterson to comply with the demand to be made on them by the board of health that they draw a check or warrant to plaintiffs' order in payment of the judgment and charge the same against the appropriations made to the board of health.
A final item  subsequent to the court's declaration that it would grant plaintiffs' motion for summary judgment, defendant board of health, on January 12, 1960, adopted its "budget" for the year 1960, reading as follows:

 "Regular Payroll Account ................................. $370,427.
 Special Payroll Account to satisfy
 Judgment for increments plus interest
 and costs for 19 employees of the Board
 of Health ................................................ 3,500.
 Other Expenses Account ................................... 50,350.
 Total Budget $424,277."
 ----------------------------------------------

*418 A copy of the budget has been sent to the Board of Finance of the City of Paterson as the estimate of the appropriation the board of health believes necessary for health purposes for the year 1960, as called for by R.S. 26:3-43, as amended, which provides:
"The local board of health of every municipality other than a township, shall each year, before the budget of municipal taxes to be levied for the year shall be determined, present to the governing body of the municipality, an estimate of the appropriation which it believes necessary for health purposes. The governing body shall appropriate the amount of such estimate or such other amount as it may determine."
Such action by the board of health is not a substitute for payment of plaintiffs' judgment. Whatever determination the governing body of the City of Paterson, in this instance, its board of finance, may make pursuant to R.S. 26:3-43, as amended, whether it be to "appropriate the amount of such estimate" ($424,277) or "such other amount," that determination cannot affect the duty of the board of health to pay the judgment.