104 N.J. Super. 472 (1969)
250 A.2d 427
CITY OF PATERSON, ETC., PLAINTIFF-APPELLANT,
v.
THE PATERSON GENERAL HOSPITAL, ETC. AND FORTY-ONE (41 OTHERS) AND ARTHUR J. SILLS, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS, WILLIAM F. FORBES AND STANLEY M. LEVINE, INTERVENING PLAINTIFFS-APPELLANTS,
v.
THE PATERSON GENERAL HOSPITAL, ETC. AND FORTY-ONE (41 OTHERS) AND ARTHUR J. SILLS, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
[DOCKET NOS. C-1375-65, C-66-599].
Superior Court of New Jersey, Appellate Division.
Argued December 17, 1968.
February 17, 1969.
Decided February 25, 1969.
*473 Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. Adolph A. Romei argued the cause for intervening appellants (Mr. John Fiorello, on the brief).
Mr. Arthur C. Dwyer, Legal Aid, argued the cause for appellant City of Paterson (Mr. Joseph L. Conn, City Counsel, attorney).
Mr. John W. Griggs argued the cause for respondent Paterson General Hospital (Messrs. Morrison, Lloyd & Griggs, attorneys; Mr. Richard J. Ryan on the brief).
Respondent Arthur J. Sills, Attorney General of the State of New Jersey, and the individual respondents did not file a brief.
PER CURIAM.
On January 10, 1966, following announcement by defendant The Paterson General Hospital of plans to move the hospital from its present site on Market Street *474 in Paterson to a tract of land about 3 1/2 miles away in Wayne Township, the City of Paterson instituted this action by filing a complaint in the Chancery Division "on behalf of all of the citizens, taxpayers and beneficiaries of the City of Paterson" to enjoin the proposed move. Plaintiff's basic contention was that the hospital is a charitable trust obligated to maintain its physical facilities within the municipal limits of the city for the benefit of the people of Paterson.
By order entered on the city's application on March 16, 1966, William F. Forbes and Stanley M. Levine were permitted to intervene in the action "as citizens, residents and taxpayers" of the city and thereafter they filed a complaint seeking the same relief as that prayed for by the city.
The two actions were consolidated and tried before Judge Mountain. His opinion, in which he ruled in favor of the hospital, is reported at 97 N.J. Super. 514 (Ch. Div. 1967). The city and the intervenors each appealed to this court from the resultant judgment dismissing the complaints. A stay pending appeal was entered by the trial court.
While the appeal was pending, a proposed settlement of the litigation, set forth in a writing dated June 28, 1968, was agreed upon between the city and the hospital. Contending that this is a class action, the city and the hospital then moved before this court for approval of the proposed compromise. Cf. R.R. 4:36-3.
Pursuant to our direction, testimony as to the reasonableness of the settlement was then taken before Judge Mountain on due notice.
After reviewing the record and hearing argument, we filed an opinion on January 6, 1969, the first paragraph of which reads as follows:
"Our review of the record and of the testimony taken with respect to the reasonableness of the proposed settlement satisfies us that (1) the settlement agreed upon between the City of Paterson and the Paterson General Hospital, if carried out, is a fair and reasonable settlement, and (2) this is a class action to which R.R. 4:36-1 and 3 apply, so that we may authorize the compromise despite the objection of plaintiff-intervenors."
*475 We find no merit in the intervenors' contention that the compromise of the litigation may not be approved over their objection and in view of their pending appeal. This action is a class action, see R.R. 4:36-1. It is not one instituted solely to enforce the alleged individual rights of plaintiff and the intervenors. To adopt the language of the intervenors' complaint, it was brought "on behalf of all the class of citizens, residents and taxpayers of the City of Paterson who are directly affected by the contemplated move of the defendant, The Paterson General Hospital."
The intervenors have no greater or lesser right than any other member of the class. They cannot prevent approval by the court of a reasonable compromise of an action instituted for the benefit of the entire class of which they are only two individual members. Cf. Denicke v. Anglo California Nat. Bank of San Francisco, 141 F.2d 285 (9th Cir. 1944); Rome v. Archer, 41 Del. Ch. 404, 197 A.2d 49 (1964).
Nor is there any substance to the intervenors' contention that to effect an approval of the settlement agreement by the governing body of the city required approval not only by the city's Board of Finance, which the agreement did receive, but also by its Board of Aldermen and its Board of Health. The minimal powers still vested in the Paterson Board of Aldermen in no wise encompass the power to deal with agreements or actions such as are here involved, and the Board of Health is not part of the governing body of Paterson. Grosso v. City of Paterson, 55 N.J. Super. 164 (Law Div. 1959); Grosso v. Paterson, 59 N.J. Super. 412 (Law Div. 1960), affirmed 33 N.J. 477 (1960); R.S. 30:9-13; R.S. 30:9-16.
The trial judge's decision, reached after a lengthy trial, leaves the hospital free to transfer its physical facilities to Wayne with no obligation to maintain any physical facilities in the City of Paterson. The proposed settlement would, among other things, require the hospital to renovate the Johnson wing of the present hospital so that it will have a *476 132-bed capacity and to operate therein a general hospital providing, among other things, emergency and outpatient facilities. In addition, the present laboratory building would be continued.
We are satisfied that the testimony adduced on the remand to Judge Mountain, and particularly the impressive testimony of John C. Steinle, whose reasoning and analysis we find convincing, establishes that the proposed settlement is fair and reasonable. Further, we find that it is to the best interest of the beneficiaries whom the plaintiff and the intervenors represent that the settlement be approved rather than that they gamble on the trial judge's findings and conclusions being reversed on appeal.
As appears from our opinion of January 6, 1969, we withheld entering an order approving the settlement agreement submitted to us because its provisions would result in a dismissal of the appeals even if the hospital were thereafter relieved of any obligation under the settlement agreement because it did not receive the federal grant of $1 million. Further, we noted that we would require the substitution of a provision directing modification of the judgment entered in the trial court to incorporate therein the terms of the settlement in place of the existing provision calling for a dismissal of the complaints.
The two problems referred to in our prior opinion have now been eliminated. Both the hospital and the city have agreed that the judgment entered below is to be modified to incorporate the settlement agreement. Further, they have now agreed that if the hospital's obligation to carry out the terms of the settlement terminates because it does not receive the federal grant of $1 million, then the pending appeals should be listed for argument and disposition. Final determination as to whether or not the hospital will receive the federal grant of $1 million will be made not later than April 1, 1969, the date presently fixed for the termination of the federal allocation to the hospital, or such extension of that date as may be granted by appropriate governmental *477 authority. If the hospital has not received the grant by the date the federal allocation terminates, the proposed settlement shall become null and void. If the settlement is voided, then and in such event the appeals filed by the city and intervenors shall be reinstated and listed for oral argument and disposition.
We therefore order that the settlement agreement of June 28, 1968, with the modifications noted herein, be and it is hereby approved However, the mandate modifying the judgment below shall not issue until the further order of this court, to be entered on receipt of advice that the hospital has received the federal grant.
This order shall be deemed a final judgment for the purpose of permitting review by the Supreme Court. If review of our order is to be sought, it should be applied for promptly in view of the time limitations involved in connection with the federal grant.