NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1309-15T1
 A-4651-15T1

NATIONAL LOAN ACQUISITIONS,

 Plaintiff,

v.

BRIDGETON MUNICIPAL PORT
AUTHORITY,

 Defendant-Respondent,

and

HENRY.GROVE DIVERSIFIED
INVESTMENTS, LLP,

 Plaintiff-Appellant,

v.

THE CITY OF BRIDGETON,

 Defendant-Respondent,

and

RENEWABLE JERSEY, LLC,

 Intervenor-Respondent.

________________________________________
HENRY.GROVE DIVERSIFIED
INVESTMENTS, LLP,

 Appellant,

v.

STATE OF NEW JERSEY
DEPARTMENT OF COMMUNITY
AFFAIRS,

 Respondent.

_____________________________________

 Argued March 23, 2017 – Decided July 27, 2017

 Before Judges Lihotz, O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Cumberland County, Docket Nos.
 L-0781-06 and L-0100-12 and an agency
 decision of the State of New Jersey
 Department of Community Affairs Local
 Finance Board.

 Keith A. Bonchi argued the cause for
 appellant (Goldenberg, Mackler, Sayegh,
 Mintz, Pfeffer, Bonchi & Gill, attorneys;
 Mr. Bonchi, of counsel and on the brief;
 Elliott J. Almanza, on the brief).

 Rebecca J. Bertram argued the cause for
 respondent City of Bridgeton (Bertram Law
 Office, L.L.C., attorneys; Ms. Bertram, on
 the brief).

 Melanie R. Walter, Deputy Attorney General,
 argued the cause for respondent State of New
 Jersey Department of Community Affairs
 (Christopher S. Porrino, Attorney General,
 attorney; Melissa H. Raksa, Assistant
 Attorney General, of counsel; Ms. Walter, on
 the brief).

 2
 A-1309-15T1
 Jack Plackter argued the cause for
 intervenor-respondent (Fox Rothschild LLP,
 attorneys; Mr. Plackter, of counsel and on
 the brief; Bridget A. Skyes, on the brief).

 Long Marmero & Associates, LLP, attorneys
 for respondent Bridgeton Municipal Port
 Authority, join in the brief of respondent
 City of Bridgeton.

PER CURIAM

 In these back-to-back appeals, consolidated for purposes of

this opinion, plaintiff Henry.Grove Diversified Investments,

LLP, appeals from an October 16, 2015 order denying its motion

to enforce litigant's rights, as well as from a June 23, 2016

resolution issued by the Local Finance Board (Board) of the

Department of Community Affairs. We dismiss the appeal from the

October 16, 2015 order, concluding its order is interlocutory.

Further, we remand to the Board for consideration of the

application of N.J.S.A. 40A:5A-19 to this matter.

 I

 A

 We first address plaintiff's appeal of the October 16, 2015

order denying its motion to enforce litigant's rights. Many of

the facts pertinent to plaintiff's appeal of this order apply to

its appeal of the Board's resolution, although we provide

additional facts below when addressing the actions taken by the

Board.
 3
 A-1309-15T1
 In 1983, defendant City of Bridgeton (municipality) created

defendant Bridgeton Municipal Port Authority (authority) for the

purpose of building a port facility along the Cohansey River.

As part of its effort to achieve this goal, in 1985 the

authority purchased a parcel of land known as the Sorantino

Warehouse Building (warehouse property). Eventually, the

authority abandoned its plan to create a port facility, choosing

instead to develop the property along the river.

 With the approval of the Board, in 1988, the authority

obtained a loan for $800,000, secured by a note and mortgage on

its property. However, the authority eventually defaulted and

the mortgagee at the time, First National Bank of Chicago,

obtained a judgment in foreclosure; the balance due on the loan

at that time was approximately $631,900. The authority

appealed, and we held N.J.S.A. 40:68A-60 precludes the remedy of

foreclosure against a port authority. See First Nat'l Bank of

Chicago v. Bridgeton Mun. Port Auth., 338 N.J. Super. 324, 327

(App. Div.), certif. denied, 168 N.J. 295 (2001).

 In 2006, a subsequent assignee of the note and mortgage,

National Loan Acquisitions, filed a complaint in lieu of

prerogative writs seeking mandamus, specifically, an order

requiring the authority to pay all money due under the loan

documents. In 2010, National Loan Acquisitions and the
 4
 A-1309-15T1
authority entered into a consent judgment (judgment) for

$394,198.56, plus post-judgment interest, set at ten percent,

and counsel fees.

 In 2011, the municipality entered into a redevelopment

agreement (agreement) with intervenor Renewable Jersey, LLC

(Renewable), designating Renewable as a redeveloper of the

authority's property. Under the terms of the agreement,

Renewable is to purchase various properties belonging to the

authority, including the warehouse property, and redevelop them.

Later that year, plaintiff acquired National Loan Acquisition's

interest in the judgment for $250,000. Plaintiff has pursued

satisfaction of the judgment since.

 In 2012, plaintiff filed a complaint in lieu of prerogative

writs, seeking mandamus in the form of compelling the authority

to pay the judgment or, in the alternative, compelling the

transfer of the warehouse property from the authority to

plaintiff. The complaint also alleged the municipality was the

real party in interest, as the authority had been a

non-functioning, debt-ridden entity for a number of years.

 Among other things, plaintiff sought a writ of mandamus

compelling the municipality to dissolve the authority, liquidate

its assets, and use the proceeds toward the judgment. In the

alternative, plaintiff sought to have the municipality declared
 5
 A-1309-15T1
the "lawful successor" and real party-in-interest to the

authority, and either ordered to pay the authority's debt to

plaintiff or transfer the warehouse property to it. Renewable

successfully intervened in this matter.

 On November 26, 2012, the court entered an order stating,

among other things, a writ of mandamus shall issue compelling

the authority to satisfy the judgment. On August 7, 2013, the

court entered an order striking from the complaint the

aforementioned relief plaintiff sought against the municipality.

The court found it did not have jurisdiction to determine if

plaintiff were entitled to such relief, that such requests had

to be heard and decided by the Board.

 On September 4, 2015, the court denied without prejudice

plaintiff's motion to enforce litigant's rights in the form of

transferring the subject property to plaintiff, in exchange for

a credit toward the balance owed on the judgment, or ordering

the property to be auctioned off. Plaintiff argued Renewable

was taking too long to find the appropriate funding to

consummate the purchase of the subject property from the

authority. The court ordered a plenary hearing to ascertain

what efforts Renewable had made to close on the property.

 At the hearing, the principal of Renewable testified about

the efforts the company had made to secure funding to close on
 6
 A-1309-15T1
the property, noting it had invested between $400,000 and

$500,000 into making the redevelopment project a reality. He

recounted the delays caused by litigation in another matter

affected Renewable's and the authority's ability to close. He

testified Renewable was still committed to proceeding under the

agreement, expecting it would be ready to close in approximately

four months. The principal promised if Renewable were not

ready, it would willingly "step-aside."

 Based upon the principal's testimony, on October 16, 2015,

the court entered an order denying plaintiff's motion, noting in

its oral decision:

 [T]he existence of all of these legal issues
 is a real impediment to finalizing the sale
 of the property. . . .

 The point is very well taken that these
 judgments and circumstances of buying
 discounted judgments are often fraught with
 unseen and unforeseeable irregularities,
 difficulties, issues. . . . I don't think
 anyone questions the reality that the nature
 and extent of financing a project of this
 nature is complex and time-consuming and
 subject to fits and starts. . . .

 So for now we maintain the status quo.

 Significantly, the court added:

 And if there are any other prayers for
 relief in terms of enforcing litigant's
 rights or moving forward on the writ of
 mandamus, I wouldn't foreclose those. I
 would ask that we not revisit any time soon
 7
 A-1309-15T1
 the issue of transferring the property to
 the plaintiff, simply because we've been
 down that road, and I just can't see my way
 clear to doing it.

 If something significant changes . . . the
 parties, of course, are free to make
 appropriate application before the court.
 . . . [But] I don't simply want to revisit
 the same issue for the sake of revisiting
 the same issue.

 [(Emphasis added).]

 B

 On appeal, plaintiff challenges the court's October 16,

2015 order denying its motion to either convey the property to

it or order an auction. We need not address plaintiff's

arguments, as the October 16, 2015 order is interlocutory.

"[A]ppeals may be taken to the Appellate Division as of right

. . . from final judgments of the Superior Court trial

divisions," R. 2:2-3(a)(1), or the Appellate Division "may grant

leave to appeal, in the interest of justice, from an

interlocutory order of a court." R. 2:2-4.

 "To be a final judgment, an order generally must 'dispose

of all claims against all parties.'" Janicky v. Point Bay Fuel,

Inc., 396 N.J. Super. 545, 549-50 (App. Div. 2007) (quoting S.N.

Golden Estates, Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87

(App. Div. 1998)). "[A]n order that 'does not finally determine

a cause of action but only decides some intervening matter
 8
 A-1309-15T1
pertaining to the cause[,] and which requires further steps

. . . to enable the court to adjudicate the cause on the

merits[,]' is interlocutory." Moon v. Warren Haven Nursing

Home, 182 N.J. 507, 512 (2005) (quoting Black's Law Dictionary

815 (6th ed. 1990)).

 Plaintiff argues the appeal is final because the court has

disposed of all claims as to all parties. It asserts the only

remaining issue is the court's failure to enforce its order

compelling the authority to satisfy the judgment. Plaintiff

contends the court's denial of its motion to enforce litigant's

rights in the form of ordering the transfer of the property to

it or ordering an auction was final, because the court stated it

would not grant another motion to enforce plaintiff's rights.

We disagree.

 In denying plaintiff's motion, the court clearly stated

that, although it was denying plaintiff the specific relief it

sought, the court was not otherwise denying or foreclosing the

consideration of other remedies to effectuate the authority's

obligation to honor the judgment. The court explicitly stated

that if plaintiff sought other relief or relief related to

"moving forward on the writ of mandamus," it would consider such

application.

 9
 A-1309-15T1
 The court did discourage the filing of another motion

seeking the transfer of the property to plaintiff or the

scheduling of an auction, but the court did so merely because it

was unable to determine how such relief could be granted. The

court also stated that if there were a change in circumstances

making such relief viable, then a party could pursue that

remedy. Otherwise, asking for the same relief when there has

not been a change in circumstances would be an exercise in

futility, as "we've been down that road, and I just can't see my

way clear to doing it."

 We are satisfied the order is interlocutory. The fact the

court denied the specific relief plaintiff sought did not make

the order final. The court did not foreclose considering all

remedies to satisfy the judgment, just the two plaintiff sought

in its motion. As not all claims as to all parties have been

disposed of by the court, the subject order is interlocutory.

 Plaintiff's remaining arguments on this issue lack

sufficient merit to warrant further discussion in a written

opinion. R. 2:11-3(e)(1)(E). As the appeal of the October 16,

2015 order is interlocutory, it is dismissed.

 Plaintiff also contends the court erred when it failed to

grant motions it had previously filed to enforce litigant's

rights. However, the October 16, 2015 order is the only one
 10
 A-1309-15T1
plaintiff lists in its notice of appeal. "It is clear that it

is only the orders designated in the notice of appeal that are

subject to the appeal process and review." W.H. Indus., Inc. v.

Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div.

2008) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463,

465-66 (App. Div.), aff'd o.b., 138 N.J. 41 (1994)). Therefore,

we do not address this particular contention.

 II

 A

 We turn to plaintiff's appeal of the Board's June 23, 2016

resolution and provide the following additional facts.

 After the court determined it did not have jurisdiction to

order the dissolution of the authority, in April 2014, plaintiff

submitted an application to the Board requesting it do so and

compel the municipality to pay the authority's debts.

 In August 2014, the Board passed a resolution authorizing

the sale of the warehouse property from the authority to

Renewable for $310,000, and the following June, the Board

authorized the sale of the authority's remaining properties for

$225,000. Meanwhile, the Board deferred taking action on

plaintiff's application, while it sought additional information

about the authority's financial condition, including requesting

 11
 A-1309-15T1
the municipality to provide a dissolution plan. The Board

eventually held a hearing on the authority's financial status.

 Based upon the testimony and the documents submitted at the

hearing, the Board determined no purpose would be served by the

authority's continued existence, which had stopped functioning

years before. The total value of the authority's assets was

approximately $720,500 and its debts were $1,196,000. The Board

noted plaintiff was seeking the full value of its debt against

the authority, which by that time exceeded $900,000. In its

dissolution plan, the municipality noted it was unwilling to

assume any of the authority's debt.

 The Board found dissolution of the authority would be in

the public's interest and would "achieve a more efficient means

for providing and financing local public facilities." However,

the Board further noted it was unable to find a solution to the

authority's financial problems. In addition, because there was

no plan in place to adequately provide for the authority's

creditors, the Board determined N.J.S.A. 40A:5A-21, the

provision governing the dissolution of authorities by the Local

Finance Board, precluded it from dissolving the authority. This

statute provides in pertinent part:

 The Local Finance Board may order the
 dissolution of a local authority if, after
 holding a hearing consistent with section 18
 12
 A-1309-15T1
 of this act, it determines that, due to
 financial difficulties or mismanagement, the
 dissolution of an authority will be in the
 public interest and will serve the health,
 welfare, or convenience of the inhabitants
 of the [municipality] . . ., and the
 dissolution will achieve a more efficient
 means for providing and financing local
 public facilities, except that an order
 dissolving an authority shall assure
 adequate provision in accordance with a bond
 resolution or otherwise for all creditors or
 obligees of the authority.

 [N.J.S.A. 40A:5A-21.]

 The Board did not take further action after it determined

it could not dissolve the authority under this statute, other

than in its resolution to "encourage[] plaintiff, the authority

and the municipality to actively pursue a solution of debt issue

to facilitate the dissolution of this moribund entity." A

resolution memorializing its findings was issued June 23, 2016.

 B

 On appeal, plaintiff argues the Board erred by failing to

(1) compel the municipality to submit a new dissolution plan

making adequate provision for the authority's creditors, and (2)

compel the municipality to assume the authority's debts.

Plaintiff argues N.J.S.A. 40A:5A-21 empowers the Board to order

the municipality to do the former, and N.J.S.A. 40:68A-38

authorizes it to order the municipality to do the latter.

 Because the Board did not order or even decide whether it
 13
 A-1309-15T1
could order the municipality to assume the authority's debts, we

decline to decide this issue in the first instance. See Duddy

v. Gov't Emps. Ins. Co., 421 N.J. Super. 214, 221 (App. Div.

2011). Thus, we address only the question whether the Board was

obligated to compel the municipality to submit a new dissolution

plan or to take additional steps once the Board concluded the

municipality's initial plan did not provide adequate provision

for the authority's creditors. Plaintiff's principal argument

is by not taking further action, the Board abandoned the

responsibilities entrusted to it under the Local Authorities

Fiscal Control Law (Act), N.J.S.A. 40A:5A-1 to -27.

 "An appellate court should undertake a 'careful and

principled consideration of the agency record and findings.'"

In re Zisa, 385 N.J. Super. 188, 194-95 (App. Div. 2006)

(quoting Riverside Gen. Hosp. v. N.J. Hosp. Rate Setting Comm'n,

98 N.J. 458, 468 (1985)). However, an agency decision should

not be disturbed on appeal unless it is arbitrary, capricious or

unreasonable. In re Proposed Quest Acad. Charter Sch. of

Montclair Founders Grp., 216 N.J. 370, 385 (2013). An agency's

findings should be affirmed if they "'could reasonably have been

reached on sufficient credible evidence present in the record,'

considering 'the proofs as a whole,' . . . with due regard also

to the agency's expertise." Close v. Kordulak Bros., 44 N.J.
 14
 A-1309-15T1
589, 599 (1965) (quoting State v. Johnson, 42 N.J. 146, 162

(1964)). However, a reviewing court is not bound by the

agency's interpretation of a strictly legal issue. In re Zisa,

supra, 385 N.J. Super. at 195.

 The Act created a state agency, the Local Finance Board,

"which has been delegated substantial power with respect to the

establishment, management, operation, and dissolution of local

authorities. This Board has the power to dissolve local

authorities if it is in the public interest to do so due to

their financial difficulties or mismanagement. N.J.S.A. 40A:5A-

21." Stone v. Old Bridge, 111 N.J. 110, 120 n.3 (1988).

 The Act's legislative purpose was to "promote the financial

integrity and stability of local authorities . . . by providing

for State review of project financing of local authorities and

for State . . . supervision over [their] financial operations."

N.J.S.A. 40A:5A-2. "It was intended that the act . . . would

strengthen the existing system of State oversight of local

financial operations and debt by providing for State supervision

of independent local authority and special tax district

financial operations and debt." Howell Twp. v. Manasquan River

Reg'l Sewerage Auth., 215 N.J. Super. 173, 179 (App. Div. 1987).

 There are two procedures for dissolving a local authority.

One procedure permits a municipality to dissolve an authority,
 15
 A-1309-15T1
see N.J.S.A. 40A:5A-20, which is not implicated here. The other

is found in N.J.S.A. 40A:5A-18 and 40A:5A-21. N.J.S.A. 40A:5A-

18 provides if the Director of the Division of Local Government

Services has reason to believe an authority is experiencing

financial troubles, he or she may convene a hearing before the

Board.

 N.J.S.A. 40A:5A-21 vests in the Board the power, if it

chooses, to dissolve the local authority if, after a hearing, it

determines, because of financial difficulties or mismanagement,

the dissolution of an authority "will be in the public interest

and will serve the health, welfare, or convenience of the

inhabitants of the local unit or units, and the dissolution will

achieve a more efficient means for providing and financing local

public facilities." Of relevance here, the statute provides an

order dissolving an authority must provide adequate provision

for the authority's creditors or obligees.

 In our view, N.J.S.A. 40A:5A-21 does not authorize the

Board to order the municipality to provide a dissolution plan.

This statute merely states the Board may order the dissolution

of a local authority if certain conditions are met. However,

N.J.S.A. 40A:5A-19 obligates the Board, if the conditions set

forth in the statute exist, to implement a plan which will

assure the payment of debt service on obligations of the
 16
 A-1309-15T1
authority, or provide relief from undue financial burden.

 N.J.S.A. 40A:5A-19 states in pertinent part:

 If the Local Finance Board determines that
 financial difficulties exist which (1)
 jeopardize the payment of operating expenses
 and debt service on obligations of the
 authority or either of the aforesaid; or
 place an undue financial burden on the
 inhabitants of the [municipality] or the
 users of the system or facilities of an
 authority; and (2) that these difficulties
 are likely to recur and, if they continue,
 will impair the credit of the authority and
 [the municipality] or either of the
 aforesaid to the detriment of the
 inhabitants thereof; and (3) no financial
 plan designed to prevent a recurrence of
 these conditions and which is deemed to be
 practicable and feasible by the director has
 been undertaken by the authority or the
 local unit or units, the Local Finance Board
 shall order the implementation of a
 financial plan which will assure the payment
 of debt service on obligations of the
 authority, or provide relief from undue
 financial burden.

 [(Emphasis added).]

 If the conditions in this statute exist, the Board is

statutorily mandated to order the implementation of a financial

plan to assure the payment of the authority's debts or provide

relief from undue financial burden. The Board cannot evade the

responsibility imposed by this statute, even if in good faith

the Board considers the problem unsolvable. The Board is

 17
 A-1309-15T1
charged with certain duties under the Act that it must implement

and which it cannot avoid.

 Accordingly, we are constrained to remand this matter back

to the Board, so that it shall consider if the conditions in

N.J.S.A. 40A:5A-19 exist and, if so, take the steps that it must

under this statute.

 We have considered the parties' remaining arguments on this

issue and conclude they are without sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Dismissed in part and remanded in part. We do not retain

jurisdiction.

 18
 A-1309-15T1